1  Stephen M. Doniger (SBN 179314)
   stephen@donigerlawfirm.com
2  Scott A. Burroughs (SBN 235718)
3  scott@donigerlawfirm.com
   Frank Gregory Casella (SBN 301494)
4  fcasella@donigerlawfirm.com
5  DONIGER / BURROUGHS
   603 Rose Avenue
6  Venice, California 90291
7  Telephone: (310) 590-1820

8  Attorneys for Plaintiff
9

10                    **UNITED STATES DISTRICT COURT**

11                    **CENTRAL DISTRICT OF CALIFORNIA**

12

| | |
|---|---|
| UNICOLORS, INC., a California Corporation,<br><br>Plaintiff,<br><br>v.<br><br>H&M HENNES & MAURITZ LP, a New York Limited Partnership; *et al.*,<br><br>Defendants. | Case No.: 2:16-cv-02322-AB-SK<br><u>Honorable André Birotte, Jr.</u><br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION IN LIMINE NO. 1 TO EXCLUDE EXPERT WITNESS TESTIMONY OF ROBIN LAKE**<br><br>[Declaration of Stephen M. Doniger filed concurrently herewith]<br><br>Pre-Trial Conf. Date: October 20, 2017<br>Pre-Trial Conf. Time: 11:00 a.m.<br>Trial Date:     November 14, 2017<br>Courtroom:   7B<br>Judge:          Hon. André Birotte Jr. |

**TO THE HONORABLE COURT, ALL PARTIES AND THEIR RESPECTIVE COUNSEL:**

PLEASE TAKE NOTICE THAT at the date and time set forth above, Plaintiff, Unicolors, Inc., will move this Court to exclude the expert testimony of defense expert Robin Lake. The hearing will take place at 11:00 am on October 20, 2017 in Courtroom 7B of the United States District Court, Central District, located at 350 West 1st Street, Los Angeles, California 90012.

This motion is brought pursuant to Federal Rules of Evidence and is made on the grounds that Ms. Lake's expert testimony is untimely; is in rebuttal to nonexistent initial expert testimony; provides improper legal conclusions on an ultimate issue of law and otherwise presents irrelevant testimony; is not based on objective evidence or reliable methodology; lies outside the scope of what is permissible under the Federal Rules of Evidence; is unduly prejudicial to Plaintiff and likely to confuse the jury and waste time.

Plaintiff bases this Motion in Limine No. 1 on this Notice, the attached points and authorities, the documents on file in this matter, and any argument presented at the time of hearing. Plaintiff respectfully requests that the Court grant Plaintiff's Motion in Limine No. 1 to exclude any expert report or testimony from Robin Lake.

This Motion is brought following the meet and confer between counsel. Defendants would not stipulate to the relief requested. Doniger Decl. ¶1.

Respectfully submitted,

Dated: September 26, 2017        By:   */s/ Stephen M. Doniger*
                                       Stephen M. Doniger, Esq.
                                       Frank Gregory Casella, Esq.
                                       DONIGER / BURROUGHS
                                       Attorneys for Plaintiff

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Defendants have designated Robin Lake to testify as a rebuttal expert to provide expert opinion regarding whether Unicolor's Subject Design and Defendants' Accused Design are substantially similar. Ms. Lake was not designated by the initial expert disclosure deadline. Instead, she was designated as a "rebuttal expert" despite the fact that Unicolors had not designated an expert to be rebutted. This is wholly improper and in violation of Fed.R.Civ.P. 26.

Further, Ms. Lake's opinion consists of no more than bare conclusions of law that are completely improper. And the reasoning and explanation behind her conclusion should also be excluded as it is based on nothing more than layperson review of the two designs—a review that the jury needs no help to undertake for itself. Ms. Lake's opinion does not help the jury understand confusing, complicated, or intricate facts. Instead, Defendants are attempting to use a retained expert to improperly advise the jury how to find on the question of substantial similarity.

## II. ARGUMENT

### A. Ms. Lake's expert testimony is should be excluded because it was an untimely disclosure of an initial expert witness under Federal Rules of Civil Procedure 26 and 37.

Federal Rule of Civil Procedure 26 requires a party to provide certain initial disclosures automatically, including (i) the name, address, and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses; and (ii) a copy of all documents that the disclosing party may use to support its claims or defenses. See Fed. R. Civ. P. 26(a)(1)(A)-(B). Rule 26 also requires that a party supplement its initial disclosures throughout the course of litigation at appropriate intervals whenever it learns that the information originally provided turns out to be incomplete or incorrect. See Fed. R. Civ. P. 26(e)(1). To ensure compliance with Rule

26, Rule 37 provides that any party that, without substantial justification, that fails to disclose information required by Rule 26(a) or 26(e)(1), or to amend a prior response to discovery as required by Rule 26(e)(2), is not, unless such failure is harmless, permitted to use as evidence at trial any witness or information not so disclosed. See Fed. R. Civ. P. 37(c)(1). This rule ensures fairness in the trial process: "Parties must understand that they will pay a price for failure to comply strictly with scheduling and other orders, and that failure to do so may properly support severe sanctions and exclusions of evidence. The Federal Rules of Civil Procedure explicitly authorize the establishment of schedules and deadlines, in Rule 16(b), and the enforcement of those schedules by the imposition of sanctions, in Rule 16(f)." *Wong v. Regents of the University of California*, 410 F.3d 1052, 1060 (9th Cir.2005).

The sanction of exclusion is proper here. Experts were required to be disclosed on April 7, 2017 but no expert reports were exchanged at that time. Three weeks later, on April 28, 2017, H&M served by mail the "rebuttal report" of Ms. Lake. This, of course, deprived Unicolors of the opportunity to designate an expert to "rebut" this faulty rebuttal report. Defendant failed to meet the Court-imposed deadline and Ms. Lake should thus be excluded per the Federal Rules as well as Section IB(2) of this Court's Scheduling Order.

> B. *Ms. Lake's rebuttal expert testimony rebuts no initial expert testimony offered by the Plaintiff.*

A rebuttal expert may only provide expert opinion to rebut opinions within the scope of the opposing party's initial expert witness opinion. *Lindner v. Meadow Gold Dairies, Inc.*, 249 F.R.D. 625, 636 (D. Hawaii 2008). Specifically, rebuttal expert testimony must address the "same subject matter" identified by the initial expert. Fed. R. Civ. P. 26(a)(2)(C)(ii)[1]; *Lindner*, 249 F.R.D. at 636. In other words, a "rebuttal expert report is not

---

[1] Case cites earlier version of Fed. R. Civ. P. 26(a)(2)(C)(ii) now Subdivision (a)(2)(D). This provision (formerly Rule 26(a)(2)(C)) is amended slightly to specify that the time limits for disclosure of contradictory or rebuttal evidence apply with regard to disclosures

the proper place for presenting new arguments." *Trowbridge v. United States*, 2009 U.S. Dist. LEXIS 54416, 2009 WL 1813767 at *11 (D. Idaho June 25, 2009) (quoting *Ebbert v. Nassau County*, 2008 U.S. Dist. LEXIS 74213, 2008 WL 4443238 at *13 (E.D.N.Y. Sept. 26, 2008)(internal quotation marks omitted).

Unicolors did not designate an expert witness. By definition, Ms. Lake's testimony and report presents "new arguments" and cannot "rebut" what does not exist and is thus improper under Fed. R. Civ. P. 26(a)(2)(D).

### C. Ms. Lake's expert testimony will not assist the trier of fact in understanding the evidence.

The challenged testimony is also improper because it goes to the ultimate question at issue – whether H&M's artwork is an unlawful copy of Unicolors' artwork.

In comparing the artwork, the jury will need to determine whether the works at issue are substantially similar under the intrinsic and extrinsic tests:

"To determine whether two works are substantially similar, we apply a two-part test. The "extrinsic test" is an objective comparison of specific expressive elements; it focuses on the articulable similarities between the two works. The "intrinsic test" is a subjective comparison that focuses on whether the ordinary, reasonable audience would find the works substantially similar in the 'total concept and feel of the works."

*L.A. Printex Indus., Inc. v. Aeropostale, Inc.,* 676 F.3d 841, 848 (9th Cir. 2012), *as amended on denial of reh'g and reh'g en banc* (June 13, 2012)(internal ciations and most quotations omitted).

Ms. Lake's testimony seeks to usurp the task given to the jury: to compare the elements of the works and decide whether the ordinary, reasonable audience would find the works substantially similar. Allowing this would be improper.

---

under new Rule 26(a)(2)(C), just as they do with regard to reports under Rule 26(a)(2)(B). Committee Notes on Rules—2010 Amendment.

While expert testimony may be appropriate in some cases to assist the jury in applying the extrinsic test, this is not one of those cases. Expert testimony is inappropriate in cases that do not involve "a highly technical area of expertise." *Bernal v. Paradigm Talent & Literary Agency*, 788 F. Supp. 2d 1043, 1062 (C.D. Cal. 2010). Here, the jury can use its own eyes to compare the works. Expert testimony is more suited to "a copyright case involving computer software or music." *Id.*

In *Bernal*, the court compared a film script to a television series and found that "the works are targeted at a general audience and deal with subject matter readily understandable by any ordinary person, including the Court." *Id.* This case concerns fabric designs that appear on clothing for sale to the general consumer. There is nothing technical about these works, and Ms. Lake's report exemplifies why courts in the Ninth Circuit have discounted expert opinion in nontechnical copyright cases. *See Bernal*, 788 F. Supp. 2d at 1062. Because her "expert" opinion would offer "little to that which the Court can observe[] in its own independent review of the works," it is not proper expert testimony that would assist the jury in determining whether the Subject Design and Accused Design are substantially similar. *Id.* at 1063.

> D. *Ms. Lakes' qualifications do not justify her opining on the ultimate question of fact for the jury.*

Ms. Lake is being offered to opine that the Subject Design and the Accused Design are not substantially similar. But nothing in her credentials indicates that she has any greater capacity to reach an opinion on that question that the jury. (*See* Report pp. 1-2, 25-26).

Further, "an expert witness cannot give an opinion as to her *legal conclusion, i.e.,* an opinion on an ultimate issue of law. *E.g., McHugh v. United Serv. Auto. Ass'n,* 164 F.3d 451, 454 (9th Cir.1999); *United States v. Duncan,* 42 F.3d 97, 101 (2d Cir.1994) ("When an expert undertakes to tell the jury what result to reach, this does not *aid* the jury in making a decision, but rather attempts to substitute the expert's judgment for the jury's.") (emphasis in original)." *Mukhtar v. California State Univ., Hayward*, 319 F.3d 1073 (9th Cir. 2003)

*overruled on other grounds by Estate of Barabin v. AstenJohnson, Inc.*, 740 F.3d 457 (9th Cir. 2014). "When this occurs, the expert acts outside of his limited role of providing the groundwork in the form of an opinion to enable the jury to make its own informed determination. In evaluating the admissibility of expert testimony, this Court requires the exclusion of testimony which states a legal conclusion." *Duncan*, 42 F.3d at 101.

Because Ms. Lake's opinions solely concern matters readily understandable by any ordinary person, her testimony would confuse rather than assist the jury. That testimony should therefore be excluded.

### III.   CONCLUSION

For the foregoing reasons, Ms. Lake's report and testimony must be excluded in its entirety.

Respectfully submitted,

Dated: September 26, 2017        By:   */s/ Stephen M. Doniger*
　　　　　　　　　　　　　　　　　　　Stephen M. Doniger, Esq.
　　　　　　　　　　　　　　　　　　　Frank Gregory Casella, Esq.
　　　　　　　　　　　　　　　　　　　DONIGER / BURROUGHS
　　　　　　　　　　　　　　　　　　　Attorneys for Plaintiff

# DECLARATION OF STEPHEN M. DONIGER

I, Stephen M. Doniger, Esq., am a shareholder of DONIGER / BURROUGHS, and am competent to testify from my personal knowledge and review of my records as set forth below:

1. I met and conferred with Defendants' counsel in relation to this motion, and she indicated that Defendants would oppose this motion. During that conference, defense counsel indicated that Ms. Lake's testimony was **only** being proffered to opine that the two designs are not substantially similar.

2. Attached here to as Exhibit 1 is a true and correct copy of the Expert Report of Robin Lake produced by Defendants in this case.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on September 26, 2017, in Venice, California.

By: */s/ Stephen M. Doniger*
Stephen M. Doniger
Declarant