Stephen M. Doniger (SBN 179314)
stephen@donigerlawfirm.com
Scott A. Burroughs (SBN 235718)
scott@donigerlawfirm.com
Frank Gregory Casella (SBN 301494)
fcasella@donigerlawfirm.com
DONIGER / BURROUGHS
603 Rose Avenue
Venice, California 90291
Telephone: (310) 590-1820

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNICOLORS, INC., a California Corporation,<br><br>Plaintiff,<br><br>v.<br><br>H&M HENNES & MAURITZ LP, a New York Limited Partnership; *et al*.,<br><br>Defendants. | Case No.: 2:16-cv-02322-AB-SK<br><u>Honorable André Birotte, Jr.</u><br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION IN LIMINE NO. 2 TO EXCLUDE EXPERT WITNESS TESTIMONY OF JUSTIN LEWIS**<br><br>[Declaration of Stephen M. Doniger filed concurrently herewith]<br><br>Pre-Trial Conf. Date: October 20, 2017<br>Pre-Trial Conf. Time: 11:00 a.m.<br>Trial Date:    November 14, 2017<br>Courtroom:   7B<br>Judge:       Hon. André Birotte Jr. |

**TO THE HONORABLE COURT, ALL PARTIES AND THEIR RESPECTIVE COUNSEL:**

PLEASE TAKE NOTICE THAT at the date and time set forth above, Plaintiff Unicolors, Inc. will move this Court to exclude the expert report and testimony of Justin Lewis. The hearing will take place at 11:00 am on October 20, 2017 in Courtroom 7B of the United States District Court, Central District, located at 350 West 1st Street, Los Angeles, California 90012.

This motion is brought pursuant to Federal Rules of Evidence and is made on the grounds that Mr. Lewis' expert testimony is untimely; is in rebuttal to nonexistent initial expert testimony; provides improper legal conclusions on an ultimate issue of law and otherwise presents irrelevant testimony; is not based on objective evidence or reliable methodology; lies outside the scope of what is permissible under the Federal Rules of Evidence; relies on hearsay documents and material not produced in discovery; and is unduly prejudicial to Plaintiff and likely to confuse the jury and waste time.

Plaintiff bases this Motion in Limine No. 2 on this Notice, the attached points and authorities, the documents on file in this matter, and any argument presented at the time of hearing. Plaintiff respectfully requests that the Court grant Plaintiff's Motion in Limine No. 2 to exclude the expert report and testimony of Justin Lewis.

This Motion is brought following the meet and confer between counsel. Defendants would not stipulate to the relief requested.

Respectfully submitted,

Dated: September 26, 2017     By:     */s/ Stephen M. Doniger*
Stephen M. Doniger, Esq.
Frank Gregory Casella, Esq.
DONIGER / BURROUGHS
Attorneys for Plaintiff

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Defendants have designated Justin Lewis to testify as a rebuttal expert to provide opinion regarding the accounting of damages. Mr. Lewis was not designated by the initial expert disclosure deadline. Instead, he was designated as a "rebuttal expert" despite the fact that Unicolors had not designated an expert to be rebutted. This is wholly improper and in violation of Fed.R.Civ.P. 26.

Further, Mr. Lewis's opinion consists of no more than bare conclusions of law that are not based on admissible evidence in the record. He must be excluded.

## II. ARGUMENT

*A. Mr. Lewis's expert testimony is should be excluded because it was an untimely disclosure of an initial expert witness under Federal Rules of Civil Procedure 26 and 37.*

Federal Rule of Civil Procedure 26 requires a party to provide certain initial disclosures automatically, including (i) the name, address, and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses; and (ii) a copy of all documents that the disclosing party may use to support its claims or defenses. See Fed. R. Civ. P. 26(a)(1)(A)-(B). Rule 26 also requires that a party supplement its initial disclosures throughout the course of litigation at appropriate intervals whenever it learns that the information originally provided turns out to be incomplete or incorrect. See Fed. R. Civ. P. 26(e)(1). To ensure compliance with Rule 26, Rule 37 provides that any party that, without substantial justification, fails to disclose information required by Rule 26(a) or 26(e)(1), or to amend a prior response to discovery as required by Rule 26(e)(2), is not, unless such failure is harmless, permitted to use as evidence at trial any witness or information not so disclosed. See Fed. R. Civ. P. 37(c)(1). Enforcement of this Rule ensures fairness in the trial process: "Parties must understand that they will pay a price for failure to comply strictly with scheduling and other orders, and that

- 1 -

PLAINTIFF'S NOTICE OF MOTION AND MOTION IN LIMINE NO. 2

failure to do so may properly support severe sanctions and exclusions of evidence. The Federal Rules of Civil Procedure explicitly authorize the establishment of schedules and deadlines, in Rule 16(b), and the enforcement of those schedules by the imposition of sanctions, in Rule 16(f)." *Wong v. Regents of the University of California*, 410 F.3d 1052, 1060 (9th Cir.2005).

The sanction of exclusion is proper her. Experts were required to be disclosed on April 7, 2017 but no expert reports were exchanged at that time. Later, on April 28, 2017, H&M served by mail the "rebuttal report" of Mr. Lewis.[1] This, of course, deprived Unicolors of the opportunity to designate an expert to "rebut" this faulty report. Defendant failed to meet this deadline and thus this initial expert testimony should be excluded.

  B. *Mr. Lewis's rebuttal expert testimony rebuts no initial expert testimony offered by the Plaintiff.*

A rebuttal expert may only provide expert opinion to rebut opinions within the scope of the opposing party's initial expert witness opinion. *Lindner v. Meadow Gold Dairies, Inc.*, 249 F.R.D. 625, 636 (D. Hawaii 2008). Specifically, rebuttal expert testimony must address the "same subject matter" identified by the initial expert. Fed. R. Civ. P. 26(a)(2)(C)(ii)[2]; *Lindner*, 249 F.R.D. at 636. In other words, a "rebuttal expert report is not the proper place for presenting new arguments." *Trowbridge v. United States*, 2009 U.S. Dist. LEXIS 54416, 2009 WL 1813767 at *11 (D. Idaho June 25, 2009) (quoting *Ebbert v. Nassau County*, 2008 U.S. Dist. LEXIS 74213, 2008 WL 4443238 at *13 (E.D.N.Y. Sept.

---

[1] The Expert Report of Justin Lewis was submitted under seal by Defendant as Exhibit 41 to Defendant's Opposition to Plaintiff's Summary Judgment Motion, filed at U.S.D.C. Dkt. No. 80

[2] Case cites earlier version of Fed. R. Civ. P. 26(a)(2)(C)(ii) now Subdivision (a)(2)(D). This provision (formerly Rule 26(a)(2)(C)) is amended slightly to specify that the time limits for disclosure of contradictory or rebuttal evidence apply with regard to disclosures under new Rule 26(a)(2)(C), just as they do with regard to reports under Rule 26(a)(2)(B). Committee Notes on Rules—2010 Amendment.

PLAINTIFF'S NOTICE OF MOTION AND MOTION IN LIMINE NO. 2

26, 2008)(internal quotation marks omitted).

Unicolors did not designate an expert witness. By definition, Mr. Lewis's report and testimony presents "new arguments" and cannot "rebut" what does not exist and is thus improper under Fed. R. Civ. P. 26(a)(2)(D).

Mr. Lewis's "Disclosure of Rebuttal Expert Report" admits that the opinion is not rebuttal: "This report includes my opinion of the damages Plaintiff may be entitled to assuming Defendant directly infringed Plaintiff's copyright. It was also my intention of this report rebut Plaintiff's damages opinions in this matter, but Plaintiff did not submit an expert damages report before the April 7, 2016 due date." Doniger Decl. ¶2. Mr. Lewis, serving as H&M's rebuttal witness, had nothing to rebut and thus cannot administer rebuttal testimony according to Fed. R. Civ. P. 26(a)(2)(D).

> C. *Mr. Lewis's expert testimony will not assist the trier of fact in understanding the evidence.*

According to the chart provided by Mr. Lewis in his report, H&M is the second largest brand in the world with a value close to $20 million. A company that large and successful, in the automated world we live in, surely has accurate and complete data of its product sales. Yet, in determining the reduction and discounts for the Infringing Products, Mr. Lewis relies on a "financial *summary* prepared by H&M," rather than looking at the raw sales numbers or documents. See Lewis Report, U.S.D.C. Dkt. No. 80, Ex. 41, pg. 8, C(1)(emphasis added).

These financial summaries, and any opinion that is based thereupon, are inadmissible because these summaries were not "(1) made by a regularly conducted business activity, (2) kept in the 'regular course' of that business, (3) 'the regular practice of that business to make the memorandum,' (4) and made by a person with knowledge or from information transmitted by a person with knowledge." *Clark v. City of Los Angeles*, 650 F.2d 1033, 1036–37 (9th Cir.1981), *cert. denied*, 456 U.S. 927, 102 S.Ct. 1974, 72 L.Ed.2d 443 (1982).

In addition, these summaries were created solely for the purposes of this litigation.

Business records are admissible "unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness." *Paddack v. Dave Christensen, Inc.*, 745 F.2d 1254, 1258 (9th Cir. 1984), citing Fed.R.Evid. 803(6).

"[A] document prepared for purposes of litigation is not a business record because it is lacking in trustworthiness." Id. at 1259 (citations omitted). This is because "where the only function that the report serves is to assist in litigation or its preparation, many of the normal checks upon the accuracy of business records are not operative." Id. (citation omitted).

In *Paddack*, similar reports were excluded: "the district court found that the audit reports were not made or kept in the ordinary course of business and that they were prepared for purposes of litigation. We agree." Id. Mr. Lewis's report must be excluded.

Mr. Lewis's charts and report are also excludable per Fed.R.E.1006, which states that "[t]he contents of voluminous writings, recordings, or photographs which cannot conveniently be examined in court may be presented in the form of a chart, summary, or calculation." Id. Here, H&M refused in discovery to provide the sales data and underlying documents to Unicolors, making it impossible for Plaintiff to factually corroborate or challenge the accounting made in the charts in Mr. Lewis's expert report.

H&M, as the proponent of the summary and report must establish a foundation that (1) the underlying materials upon which the summary is based are admissible in evidence; and (2) the underlying documents were made available to the opposing party for inspection. Id., citing *United States v. Johnson*, 594 F.2d 1253, 1254–57 (9th Cir.), cert. denied, 444 U.S. 964, 100 S.Ct. 451, 62 L.Ed.2d 376 (1979). H&M can make neither of those showings.

And, under Fed.R.E. 702, an expert's testimony must be based on "scientific, technical, or other specialized knowledge" that will help the trier of fact better understand the evidence. The testimony of an expert witness must be "based on sufficient facts and data." Id. Here, Mr. Lewis fails to meet either of these requirements in determining the price and discount reductions for the Infringing Garments. Mr. Lewis relies on financial

summaries, not conducted by him or his accounting team, but rather provided for him by the Defendant. Instead of reviewing the actual sales data, he speculated and makes projections that are not grounded in the actual sales data.

Mr. Lewis, through this process, reaches conclusions regarding average reductions and discounts are for the Infringing Products that are in no way tethered to the actual sales data for the disputed product.

In no way did Mr. Lewis use any "specialized knowledge," but rather accepted a conclusion provided to him by the Defendant, who refuses to share its data with the Plaintiff, and apparently with its own expert. Moreover, the financial summaries provided by the Defendant are far from sufficient to support an opinion. Mr. Lewis' analysis lacks diligence and reliable data, and thus should be excluded.

And Mr. Lewis's report is not saved by Fed.R.E. 703, which permits certain hearsay, or other inadmissible evidence, upon which an expert properly relies, to be admitted to explain the basis of the expert's opinion. *Paddack*, 745 F.2d at 1261–62, citing *Fox v. Taylor Diving & Salvage Co.*, 694 F.2d 1349, 1356 (5th Cir.1983) ("An expert is permitted to disclose hearsay for the limited purpose of explaining the basis for his expert opinion, Fed.R.Evid. 703, but not as general proof of the truth of the underlying matter, Fed.R.Evid. 802."); S. Saltzburg & K. Redden, Federal Rules of Evidence Manual 467 (3d ed. 1982). This rule does not, however, "allow the admission of the reports to establish the truth of what they assert." Id. The charts, and report, should be excluded.

*D. Mr. Lewis reduces profits by a generalized and summarized operating expense without relating it back to the Infringing Garments.*

Defendant bears the burden of establishing any operating expenses that they assert should be deducted from the recoverable profits. Despite this burden, Mr. Lewis fails to provide any specifics of the operating expenses in relation to the Infringing Garments, but rather again, relies on financial summaries and generalized percentages. Plaintiff requested all documentation regarding Defendant's expenses in discovery and received a half-page

summary chart that simply stated various categories of numbers. No receipts, expense sheets, or any other contemporaneously kept business documents whatsoever were produced in support of this half-page of naked numbers.

Moreover, it is incumbent upon Defendant to show not only that these operating expenses exist, but that they clearly and substantially contributed to their sales of the infringing garments. *Kamar Int'l, Inc. v. Russ Berrie & Co.*, 752 F.2d 1326, 1332 (9th Cir. 1984). (Burden of proof is on defendants to show connection between deduction for expenses and sale of infringing product) *Taylor v. Meirick*, 712 F.2d 1112, 1121-22 (7th Cir. 1983) ("It is too much to ask a plaintiff who has proved infringement also to do the defendant's cost accounting.")

This showing must be unequivocal in order to validate the deduction. *Eales v. Envtl Lifestyles, Inc.*, 958 F.2d 876, 881 n. 4(9th Cir.) ("Any doubts as to the correctness of the profit calculation should … be resolved in favor of the Plaintiff.").

Defendant has not made this unequivocal showing, and has, in fact, made no showing at all to support their purported deductions. Defendant has provided selective financial summaries to be testified to by an expert witness, to mislead the jury in determining the probative value of the testimony.

*E. Mr. Lewis' apportionment opinion is purely speculative*

Federal Rules of Evidence 602 and 703 precludes evidence, specifically witness and expert testimony, based on speculation or conjecture. Testimony that other factors attributed to the profits earned by the infringers is based on speculation or conjecture where no investigation, no study, and no survey determining the motivations of the purchasers of the specific garment were conducted.

"The burden of proving apportionment, (i.e., the contribution to profits of elements other than the infringed property), is the defendant's." *Frank Music Corp. v. Metro-Goldwyn-Mayer, Inc.,* 772 F.2d 505, 518 (9th Cir. 1985). Any doubt as to the computation of costs or profits is to be resolved in favor of the plaintiff. Id. at 514. Further, where portions of a copyrighted work are so intermingled with the rest of the work that they cannot be

distinguished from it, the entire profits from the work will go to the owner of the copyright. *Sheldon v. Metro-Goldwyn Pictures, Inc.*, 309 U.S. 390, 401-402 (1939).

Defendants have utterly failed their charge of providing competent evidence of profit apportionment. Defendants provide no testimony or documentation as to consumer motivations behind the purchasing of the infringing garments, no testimony or documentation as to sales trends dependent upon the particular elements of the garments, and no direct testimony by actual purchasers of these garments as to their reasons for doing so. Thus, there is nothing whatsoever to lay a foundation for, or evidence of, profit apportionment. The evidence as provided by Defendants would unduly prejudice Plaintiff, as it is baseless. Further, any testimony as to the aforementioned points, without having conducted consumer focus groups or any kind of proper factual analysis, would inevitably be based on speculation or conjecture. Because any doubts toward a defendant's calculation of profits must be read in favor of the plaintiff, this Motion to exclude evidence of profit apportionment, and any testimony based thereon, must be granted.

### III. CONCLUSION

For the foregoing reasons, Mr. Lewis's report and testimony must be excluded in its entirety.

Respectfully submitted,

Dated: September 26, 2017     By:    */s/ Stephen M. Doniger*
Stephen M. Doniger, Esq.
Frank Gregory Casella, Esq.
DONIGER / BURROUGHS
Attorneys for Plaintiff

# DECLARATION OF STEPHEN M. DONIGER

I, Stephen M. Doniger, Esq., am a shareholder of DONIGER / BURROUGHS, and am competent to testify from my personal knowledge and review of my records as set forth below:

1. I met and conferred with opposing counsel in regard to this motion but was unable to reach a resolution.

2. The Expert Report of Justin Lewis was submitted under seal by Defendant as Exhibit 41 to Defendant's Opposition to Plaintiff's Summary Judgment Motion, filed at U.S.D.C. Dkt. No. 80.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on September 26, 2017, in Venice, California.

By: */s/ Stephen M. Doniger*
Stephen M. Doniger
Declarant