1  Stephen M. Doniger, Esq. (SBN 179314)
   stephen@donigerlawfirm.com
2  Scott A. Burroughs, Esq. (SBN 235718)
   scott@donigerlawfirm.com
3
   Trevor W. Barrett (SBN 287174)
4  tbarrett@donigerlawfirm.com
5  DONIGER / BURROUGHS
   603 Rose Avenue
6  Venice, California 90291
7  Telephone: (310) 590-1820
   Attorneys for Plaintiff
8  UNICOLORS, INC.
9

10              **UNITED STATES DISTRICT COURT**

11              **CENTRAL DISTRICT OF CALIFORNIA**

12

13  UNICOLORS, INC., a California          Case No. 2:16-cv-02322-AB-SK
    Corporation,
                                           **PLAINTIFF'S NOTICE OF MOTION
14          Plaintiff,                     AND MOTION IN LIMINE NO. 3 TO
                                           EXCLUDE EVIDENCE OF THIRD-
15      vs.                                PARTY INDENDEPENT CREATION
                                           AND/OR THIRD-PARTY WITNESS
16  H & M HENNES & MAURITZ, L.P., a        XIAOMIN QIAN**
    New York Limited Partnership,
17                                         Pre-Trial Conf. Date: October 20, 2017
            Defendant.
18                                         Pre-Trial Conf. Time: 11:00 a.m.

19                                         Trial Date:    November 14, 2017

20                                         Courtroom:     7B
                                           Judge:         Hon. André Birotte Jr.
21

22

23

24

25

26

27

28

PLAINTIFF'S NOTICE OF MOTION AND MOTION IN LIMINE NO. 3

**TO THE HONORABLE COURT, ALL PARTIES AND THEIR**

**RESPECTIVE COUNSEL:**

PLEASE TAKE NOTICE THAT at the date and time set forth above, or as soon thereafter as the Court will hear this Motion, Plaintiff, Unicolors, Inc. ("Unicolors"), will move this Court to exclude all evidence, testimony, and argument relating to third-party independent creation of the artwork at issue, including any testimony by or about Xiaomin Qian. The hearing will take place at 11:00 am on October 20, 2017 in Courtroom 7B of the United States District Court, Central District, located at 350 West 1st Street, Los Angeles, California 90012.

Plaintiff bases this Motion in Limine No. 3 on this Notice, the attached points and authorities, the attached declaration of Scott Alan Burroughs, the documents on file in this matter, and any argument presented at the time of hearing. Plaintiff respectfully requests that the Court grant Plaintiff's Motion in Limine No. 3 to exclude the challenged evidence relating to independent creation by third-party Xiaomin Qian.

This Motion is brought following the meet and confer between counsel.[1] Defendants would not stipulate to the relief requested.

Respectfully submitted,

Dated:  September 26, 2017        By:     /s/ Scott Alan Burroughs
                                          Scott Alan Burroughs, Esq.
                                          Trevor W. Barrett, Esq.
                                          DONIGER / BURROUGHS
                                          Attorneys for Plaintiff Unicolors, Inc.

---

[1] Declaration of Scott Alan Burroughs, Esq. ("Burroughs Decl.") ¶ 1.

PLAINTIFF'S NOTICE OF MOTION AND MOTION IN LIMINE NO. 3

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.   INTRODUCTION

Well beyond the 11th hour, after the fact and expert discovery deadlines had expired. Defendant, H&M Hennes Mauritz, LP, dropped a bombshell. It made the implausible claim that a designer in China named Xiaomin Qian, who worked for a company that had not been identified in any of the documents or discovery responses in this case had "independently created" the artwork on the accused H&M product at issue.

H&M claimed that this designer created a design that is virtually identical to the design created by Unicolors designer Hannah Lim and at issue in this case, and did *so four years after* Ms. Lim had created her artwork and after Unicolors had sold tens of thousands of yards of fabric bearing the artwork.

The claim is made more incredible by the fact that H&M failed to plead the defense of third-party creation in its answer, failed to identify Ms. Qian or her company in its initial disclosures or initial interrogatory responses, and noted elsewhere in its discovery responses that H&M had not received the artwork from a third source.

And, notably, Ms. Qian does not work for either of the two companies that H&M has admitted provided the accused product at issue.

Ms. Qian, and any and all evidence, testimony, and argument regarding a third-party independently creating the design at issue, must be excluded.

## II.   DEFENDANTS' THIRD-PARTY INDEPENDENT CREATION DEFENSE MUST BE EXCLUDED

### A.   *The striking similarity of the artworks at issue preclude independent creation.*

A review of Unicolors' original artwork, which consists of multiple layers of ornate motifs, and the artwork on H&M's garment, which repeats those layers in the same order with the same (slightly modified) motifs, makes it patently clear that the H&M artwork could not have been independently created:

- 1 -

1

2  **Comparison of H&M Infringing Artwork and Unicolors' Original Artwork:**

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27






**Unicolors' Artwork**

28

- 2 -

PLAINTIFF'S NOTICE OF MOTION AND MOTION IN LIMINE NO. 3

A review of the above establishes beyond plausibility that H&M's artwork was not created as an original, independent work by Ms. Qian. Indeed, the only conclusion that a trier of fact could reach when comparing the above is that Ms. Qian copied the Unicolors' work and made minor modifications in an attempt to conceal the copying, which resulted in, at best, an unlawful derivative work.  See *Sheldon v. Metro–Goldwyn Pictures Corp.*, 81 F.2d 49, 56 (2d Cir.1936) ("[I]t is enough that substantial parts were lifted; no plagiarist can excuse the wrong by showing how much of his work he did not pirate."). This alone warrants the exclusion of her testimony and the third-party "independent creation" defense.

Some relatively simple math makes this clear. Assume that there are at least five design elements that appear in both Unicolors' artwork and the H&M copy (in reality, there are many more). And assume that the field of design elements (or shapes) that an artist can employ is at least 1,000 (likewise, there are many more). Even with these obviously low numbers, for Ms. Qian's artwork to have the same five elements in the same order is a statistical impossibility: Element 1 (1/1000) x Element 2 (1/1000) x Element 3 (1/1000) x Element 4 (1/1000) x Element 5 (1/1000) =  0.000000000000001 percent chance of independent creation. Allowing any testimony in this regard will be prejudicial and should be excluded.

B.     *Defendants concealed or refused to identify Ms. Qian until after the discovery deadline.*

H&M's discovery conduct and belated disclosure of Ms. Qian further cements the basis for her exclusion. Ms. Qian's identity was not disclosed, despite repeated requests in discovery, until May 1, 2017, six days after the discovery cut-off in this case. Fed.R.Civ.P. Rule 37(c)(1) is unequivocal as to the result of such conduct: "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial."

And there is no sufficient basis to justify this delay. The artwork at issue was allegedly created by Ms. Qian in 2014, well before this lawsuit was filed. Yet, H&M, in its

PLAINTIFF'S NOTICE OF MOTION AND MOTION IN LIMINE NO. 3

initial disclosures and initial discovery responses, failed to identify Ms. Qian. At its Fed.R.Civ.P. 30(b)(6) deposition (which binds the company), H&M failed to identify Ms. Qian. Throughout the discovery period, H&M failed to produce any documents or other evidence that identified Ms. Qian, her alleged independent creation of the H&M artwork, or even referenced her company, Domo Apparel. Indeed, H&M to date has failed to produce any documents or evidence establishing that it obtained a license from Domo Apparel to use the artwork or purchased from Domo Apparel any fabric bearing the artwork. To the contrary, their document production identifies not Domo Apparel but two other companies as the source for the infringing H&M garments at issue.

And other than Ms. Qian's declaration, which states that she created the H&M artwork without reference to the Unicolors' artwork but with reference to other dissimilar works, and a Chinese copyright registration (applied for years after Unicolors' design was registered), there are no other documents supporting Ms. Qian and H&M's absurd independent creation story. There are no sales documents, licenses, transaction records or other materials to prove that Ms. Qian created the H&M artwork independently.

C.      *The Qian Declaration violates the Federal Rules of Evidence*

Additional reasons undergird the propriety of granting this motion. Notably, Qian submitted a declaration in English at the summary judgment stage. There is no indication that the declaration was translated or certified or that she otherwise understood what she was signing. Burroughs Decl. ¶2, Ex. 1. This is a terminal flaw given that Qian speaks Mandarin Chinese and is unable to accurately testify without a translator. Burroughs Decl. ¶3, Ex. 2. Also, the signature is not in Chinese characters but is instead in block letters. Ex.1. There is certainly reason to believe that the entire document and argument is a fraud and one that would result in unreasonable prejudice should it or any related testimony be admitted at trial. And, tellingly, H&M has failed to date to corroborate the statements in the declaration.

Indeed,  before  submitting  the  Qian  declaration,  H&M  was  required  to

- 4 -

establish: (1) how the document was translated, (2) who translated it, and (3) the qualifications and expertise of the translator. *Kesel v. United States Parcel Service, Inc.*, 2002 WL 102606 at * 3 (N.D.Cal.2002). Here, it does not appear that the declaration was translated at all, let alone properly and by qualified personnel. As "witness testimony translated from a foreign language must be properly authenticated and any interpretation must be shown to be an accurate translation done by a competent translator[,]" and that has not happened here, the declaration and Ms. Qian's testimony must be excluded. *Jack v. Trans World Airlines, Inc.*, 854 F. Supp. 654, 659 (N.D. Cal. 1994), citing Fed.R.Evid. 604 and 901.

   D. *H&M failed to plead third-party independent creation.*

   H&M, in its answer to the complaint, alleged that H&M itself independently created the artwork on the H&M garments. See U.S.D.C. Dkt. No. 27, pg. 9, 1-4. H&M never produced any evidence in support of this defense and has apparently abandoned this defense.

   H&M did **not** plead third-party independent creation. This is an affirmative defense that must be pled or else it is waived. *Shapiro v. Hasbro Inc.*, No. CV1502964BROAJWX, 2016 WL 9113998, at *2 (C.D. Cal. July 18, 2016)("[…]the Ninth Circuit has implied, in the context of copyright infringement, that it considers independent creation to be an affirmative defense for which the defendant bears the burden of proof[.]"), citing *Three Boys Music Corp. v. Bolton*, 212 F.3d 477, 486 (9th Cir. 2000) ("By establishing reasonable access and substantial similarity, a copyright plaintiff creates a presumption of copying. The burden shifts to the defendant to rebut that presumption through proof of independent creation."); *Bethea v. Burnett*, No. CV04–7690JFWPLAX, 2005 WL 1720631, at *15 (C.D. Cal. June 28, 2005) ("Independent creation is an affirmative defense to copyright infringement."). H&M made no reference to Ms. Qian's independent creation of the H&M design in its answer or initial disclosures or timely discovery responses.

   In failing to plead third-party independent creation, H&M failed to meet the

- 5 -

relatively low standard necessary to put Unicolors on notice of this defense as required by the Federal Rules. *Vogel v. AutoZone Parts, Inc*., No. CV 13-0300-CAS AJWX, 2013 WL 2395905, at *1 (C.D. Cal. May 31, 2013)("Under Federal Rule of Civil Procedure 8, "[t]he key to determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the defense."), citing *Wyshak v. City National Bank*, 607 F.2d 824 (9th Cir.1979); see Fed.R.Civ.P. 8(a)(2) ("In responding to a pleading, a party must: (A) state in short and plain terms its defenses to each claim asserted against it...."). To meet the "fair notice" standard, a defendant need state "the nature and grounds for the affirmative defense." Id, citing, *Vogel v. Linden Optometry APC*, CV 13–0295, 2013 WL 1831686 (C.D.Cal. Apr.30, 2013); *Kohler v. Islands Restaurants, LP*, 280 F.R.D. 560, 564 (S.D.Cal.2012). H&M fails to meet even this lenient standard. As such, any evidence or testimony in support of this defense must be excluded.

## III.     CONCLUSION

Given the foregoing, any and all evidence, argument, and testimony by or related to Ms. Qian and the third-party independent creation defense must be excluded.

Respectfully submitted,

Dated:  September 26, 2017          By:     */s/ Scott Alan Burroughs*
                                             Scott Alan Burroughs, Esq.
                                             Trevor W. Barrett, Esq.
                                             DONIGER / BURROUGHS
                                             Attorneys for Plaintiff Unicolors, Inc.

PLAINTIFF'S NOTICE OF MOTION AND MOTION IN LIMINE NO. 3

## DECLARATION OF SCOTT ALAN BURROUGHS, ESQ.

I, Scott Alan Burroughs, Esq., am a partner at Doniger / Burroughs, and am over 18 years of age. I have personal knowledge of the following. If called as a witness I could and would testify competently and truthfully from my personal knowledge as follows:

1.      I met and conferred with defense counsel in advance of this motion, which indicated that Defendants would not stipulate to the relief requested.

2.      Attached as Exhibit 1 is a true and correct copy of the Qian Declaration. It is not translated or certified.

3.      Attached as Exhibit 2 is a true and correct copy of an email from H&M's counsel noting that Ms. Qian speaks Mandarin Chinese and will not be able to testify at trial without a translator.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on September 26, 2017, in Venice, California.

By:     */s/ Scott Alan Burroughs*
        Scott Alan Burroughs, Esq.
        Declarant

PLAINTIFF'S NOTICE OF MOTION AND MOTION IN LIMINE NO. 3