Staci Jennifer Riordan (SBN 232659)
Aaron Brian (SBN 213191)
Neal J. Gauger (SBN 293161)
**NIXON PEABODY LLP**
300 S. Grand Avenue, Suite 4100
Los Angeles, CA  90071-3151
Tel: 213-629-6000
Fax: 213-629-6001

Attorneys for Defendant
H&M Hennes & Mauritz LP

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNICOLORS, INC., a California Corporation,<br><br>              Plaintiff,<br><br>       vs.<br><br>H & M HENNES & MAURITZ L.P., a New York Limited Partnership, and DOES 1-20, inclusive,<br><br>              Defendants. | Case No.: 2:16-cv-02322 - AB - SK<br><br>Honorable André Birotte Jr.<br><br>**DEFENDANT H & M HENNES & MAURITZ LP'S NOTICE OF MOTION AND MOTION IN LIMINE NO. 3: TO EXCLUDE ARGUMENT, REFERENCE, OR SPECULATIVE COMMENTS REGARDING (1) THE "PROBABILITY" THAT EH101 AND XUE XU WERE BOTH INDEPENDENTLY CREATED AND; (2) "IMPOSSIBILITY" OF XUE XU'S CREATION ABSENT COPYING**<br><br>Date:      October 20, 2017<br>Time:     11:00 a.m.<br>Ctrm:    7B<br><br>Filed:      April 5, 2016<br>PTC:      October 20, 2017<br>Trial:     November 14, 2017 |

TO THIS HONORABLE COURT, ALL PARTIES AND THEIR TO ITS ATTORNEYS OF RECORD:

**PLEASE TAKE NOTICE** that at the date and time set forth above, or as soon thereafter as the matter may be heard, in the above-entitled court located at 350 West First Street, Courtroom 7B, Los Angeles, CA, 90012, Defendant H & M Hennes & Mauritz LP ("H&M LP" or "Defendant") will and does hereby move the Court *in limine* to preclude Plaintiff Unicolors, Inc.'s ("Unicolors" or "Plaintiff") from presenting any argument, reference, or speculative comments as to (1) the "odds" that Plaintiff's EH101 pattern ("EH101") and H&M's Xue Xu pattern ("Xue Xu") were both independently created; and (2) the "impossibility" of Xue Xu's creation absent copying of EH101.

This Motion is made on the grounds that such argument, reference, or speculative comments constitute improper expert testimony, lack any relevance or probative value to this litigation, and risk creating undue prejudice against H&M in the eyes of the jury.

This Motion is based upon this Notice of Motion; the attached Memorandum of Points and Authorities; the accompanying Declaration of Staci Jennifer Riordan; all of the pleadings and papers filed herein; and any argument or evidence that may be presented to or considered by the Court prior to its ruling.

This motion is made following the conference of counsel pursuant to Local Rule 7-3, which took place on September 19, 2017.

Dated:  September 26, 2017          NIXON PEABODY LLP


By  */s/ Staci Jennifer Riordan*
Staci Jennifer Riordan
Aaron Brian
Neal J. Gauger
Attorneys for Defendant
H & M HENNES & MAURITZ LP

1

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.      INTRODUCTION AND STATEMENT OF FACTS**

Plaintiff Unicolors, Inc.'s ("Unicolors" or "Plaintiff") motion for summary judgment contains unsupported argument and speculation regarding the probability that Plaintiff's EH101 pattern ("EH101") and H&M's Xue Xu pattern ("Xue Xu") were both independently created.  Specifically, Plaintiff's counsel advocated:

> "Not only are the various shapes and patterns within [EH101] and [Xue Xu] the same, but the relative placement of shapes and patterns are the same across both designs.   [Citation.] Including the blank spaces and random dots used on [Xue Xu] in lieu of the smaller elements of [EH101], both [EH101] and [Xue Xu] contain eight repeating rows of design elements. These rows are in the same order on both designs.   The mathematical probability of this happening by pure chance is one in 40,320.   This is, of course, in addition to the unlikelihood of independently recreating the exact elements of the Subject Design in any order.   Thus, it is essentially impossible for [Xue Xu] to have been created without copying from EH101."

Dkt. No. 64, p. 12.

Plaintiff's arguments are feeble and irrelevant distractions, and they should be excluded from trial.

First, Plaintiff has not presented (nor can present) any qualified witness who can testify as to how Unicolors (1) calculated its "one in 40,230" odds; or (2) arrived at the conclusion that it is "impossible" for Xue Xu to have been created without copying EH101.   Instead, the allegation appears in Plaintiff's summary judgment briefing without attribution or citation; no reliable foundation has been put forth for Plaintiff's wildly speculative premise. [1]   Moreover, testimony as to ultimate legal conclusions is improper whether issued by an expert or lay witness.

---

[1] In fact, it is unclear if the argument addressed in this motion, and the purported "odds" advanced by Plaintiff, came from Plaintiff or from its counsel.

Second, because they lack any proper factual basis, Plaintiff's "odds" and "impossibility" arguments have no relevance or probative value to the key question at issue – does H&M's use of the Xue Xu pattern infringe upon Plaintiff's EH101 pattern?   Even if Plaintiff could provide a coherent reasoning behind its "one in 40,230" statement and theory of impossibility, such arguments have no bearing under the Copyright Act as to whether infringement has actually occurred.

Third, introduction of Plaintiff's "odds" and "impossibility" arguments presents a clear danger of undue prejudice against H&M.  Any jury told that there is a "one in 40,230" chance of independent creation and that it is "impossible" for Xue Xu to have been created absent copying will be unduly and wrongfully influenced to believe that (1) the presumptively valid copyright protecting Xue Xu is a fraud; and (2) that infringement has occurred – regardless of the lack of any competent evidence to show access or copying and without regard to any actual comparison between EH101 and Xue Xu.  H&M's motion should be granted in full.

## II.   ARGUMENT

### A.   The Court Has Authority to Consider and Grant Motions in Limine.

The Court has the inherent authority to entertain and grant motions *in limine* stemming from its authority to control the trial process.  *See e.g., Luce v. U.S.,* 469 U.S. 38, 41 (1984).  The purpose is to avoid the obviously futile attempt to "unring the bell" when highly prejudicial evidence is offered and then stricken at trial.  *McEwen v. City of Norman, Okla.*, 926 F.2d 1539, 1548 (10th Cir. 1991).  Motions *in limine* are an accepted part of federal practice and are expressly recognized by this Court's Standing Order.  *U.S. v. Cook,* 608 F.2d 1175, 1186 (9th Cir. 1979).

### B.   Plaintiff's "Odds" and "Impossibility" Arguments Constitute Improper and Unsupported Testimony

Plaintiff's arguments regarding the "odds" of infringement and "impossibility" of Xue Xu being created without copying are improper lay testimony; they declare

3

outright that the central legal conclusion at the heart of Plaintiff's case – copyright infringement by H&M – has already and necessarily been proven.  Fed. R. Evid. 704 ("The lay witness may not, however, testify as to a legal conclusion"); *Verizon Servs. Corp. v. Cox Fibernet Va., Inc.*, 602 F.3d 1325, 1339-40 (Fed. Cir. 2010) (upholding exclusion of lay testimony relating to whether a patent was invalid); *Odyssey Wireless, Inc., v. LG Electronics, Inc., et. al.*, Case No. 3:15-CV-01743-H-RBB, 2016 WL 6582539 (Oct. 7, 2016, S.D. Cal.) (recognizing that a lay witness may testify as to "features of their own invention," but not to "ultimate" issues of "infringement").

Notably, had Plaintiff designated an expert to deliver such testimony, the testimony would still be barred – even experts may not testify to ultimate legal conclusions in a case.  *Elsayed Mukhtar v. California State Univ., Hayward*, 299 F.3d 1053, 1066 (9th Cir. 2002), *amended sub nom. Mukhtar v. California State Univ., Hayward*, 319 F.3d 1073 (9th Cir. 2003) *overruled on other grounds by Estate of Barabin v. AstenJohnson, Inc.*, 740 F.3d 457 (9th Cir. 2014) ("an expert witness cannot give an opinion as to her *legal conclusion*, *i.e.*, an opinion on an ultimate issue of law")(emphasis original); *United States v. Duncan*, 42 F.3d 97, 101 (2d Cir. 1994) ("When an expert undertakes to tell the jury what result to reach, this does not *aid* the jury in making a decision, but rather attempts to substitute the expert's judgment for the jury's") (emphasis original); *McHugh v. United Serv. Auto. Ass'n*, 164 F.3d 451, 454 (9th Cir. 1999).

Of course, Plaintiff did not present its speculation concerning Xue Xu's independent creation through an expert **or** lay witness.  Instead, Plaintiff presented this information through (former) counsel, inserting these allegations into its summary judgment briefing without citation or other support.  Plaintiff's counsel cannot serve as an expert on such issues and its opinion is without basis in fact or logic.  Because no proper witness, and no reliable foundation, can be presented by Plaintiff on these issues, Plaintiff's argument is improper for presentation at trial.

H & M HENNES & MAURITZ LP'S MOTION IN LIMINE NO. 3                    CASE NO. 2:16-CV-02322

**C.**   **Plaintiff's "Odds" and "Impossibility" Arguments are Irrelevant and Lack Probative Value in this Litigation**

Even if, *arguendo*, Plaintiff were able to substantiate its arguments through a proper witness, Plaintiff has not presented any factual support or methodology to support them.  Indeed, it is not even clear that a methodology could exist to determine odds for the supported fact that these two designs came into existence independently. Plaintiff did not provide any supporting evidence for its speculation (much less sufficient evidence to verify its conclusions).  Without presenting a proper, verifiable, and testable methodology, such conclusions are entirely irrelevant and lack probative value as to the ultimate issue of copyright infringement. Fed. R. Evid. 401 (Relevant evidence is evidence that has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence"); Fed. R. Evid. 402 ("Evidence which is not relevant is not admissible").  Plaintiff's "odds" and "impossibility" arguments have no basis, and thus have no relevance or probative value.

**D.**   **Plaintiff's "Odds" and "Impossibility" Arguments Will Inevitably Create Unfair Prejudice Against H&M**

Even if Plaintiff's "odds" and "impossibility" arguments were relevant – which they are not – Federal Rule of Evidence 403 provides that relevant "evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Plaintiff's "probability" and "impossibility" arguments pose a particularly acute risk of unfair prejudice; they threaten to overshadow critical, competent, and supported evidence that Xue Xu **was** independently created and **is** protected by a presumptively valid copyright.

As this Court saw and took notice of through H&M's Motion to Dismiss, Xue Xu is an original copyrighted work by Shaoxing County DOMO Apparel Company,

5

1   Limited ("DOMO").  Dkt. No. 21, p. 3-4.  The Xue Xu design, created in-house at

2   DOMO, was registered for copyright protection in China within five years of its

3   creation, and thus DOMO's copyright is presumed to be valid.  17 U.S.C. § 410.

4   Moreover, DOMO's valid copyright registration is *prima facie* evidence that Xue Xu

5   was independently created.  *Lamps Plus, Inc. v. Seattle Lighting Fixture Co.*, 345 F.3d

6   1140, 1144 (9th Cir. 2003) (copyright certificate constitutes valid evidence of the

7   originality and ownership of the design it protects); *Creative Tech., Ltd. v. Aztech Sys.*

8   *Pte., Ltd.*, 61 F.3d 696, 700 (9th Cir. 1995) (holding that the Berne Convention

9   mandates "a policy of national treatment in which copyright holders are afforded the

10  same protection in foreign nations that those nations provide their own authors").

11          Unlike Plaintiff's "odds" and "impossibility" speculation, the history of Xue Xu

12  is grounded in fact.  H&M has presented sworn testimony from DOMO's in-house

13  designer, Xiaomin Qian, and has produced a properly authenticated – and judicially

14  noticed – copy of the Xue Xu copyright.  This is competent and reliable evidence of

15  independent creation.  Indeed, if Plaintiff fails to rebut the automatic presumption that

16  the Xue Xu copyright is valid, it will lose its infringement claims at trial.  *Lamps Plus*,

17  345 F.3d at 1144 (opposing party must offer some evidence or proof to rebut

18  presumption of validity).

19          Plaintiff must not be allowed to offer unsupported and conclusory speculation

20  as to the "odds" and "impossibility" of independent creation.  The likelihood that the

21  jury will give Plaintiff's baseless speculation even weight against H&M's factual

22  record is significant, and too great a risk to take.  That bell cannot be unrung.  If

23  Plaintiff wishes to challenge the independent creation and registration of Xue Xu, it

24  must do so with facts, not speculation and wild guesses about the "odds" of dual

25  creation.  To allow otherwise would be a grave error and unfairly prejudice H&M.

26  **III.    CONCLUSION**

27          For the foregoing reasons, H&M requests that this motion *in limine* be granted

28  in full.

6

1

2   Dated:  September 26, 2017                NIXON PEABODY LLP

3

4                                     By   */s/ Staci Jennifer Riordan*
                                          Staci Jennifer Riordan
5                                          Aaron Brian
                                          Neal J. Gauger
6                                          Attorneys for Defendant
                                          H & M HENNES & MAURITZ LP
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

7