Staci Jennifer Riordan (SBN 232659)
Dale A. Hudson (SBN 81948)
Aaron M. Brian (SBN 213191)
**NIXON PEABODY LLP**
One California Plaza
300 S. Grand Avenue, Suite 4100
Los Angeles, CA 90071
Telephone: 213.629.6000
Facsimile: 213.629.6001
sriordan@nixonpeabody.com
dhudson@nixonpeabody.com
abrian@nixonpeabody.com

Attorneys for Defendant
H & M HENNES & MAURITZ LP

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNICOLORS, INC., a California Corporation,<br><br>   Plaintiff,<br><br>vs.<br><br>H & M HENNES & MAURITZ LP, a New York Limited Partnership, and DOES 1-20, inclusive,<br><br>   Defendants. | Case No.: 2:16-cv-02322 AB (SKx)<br><br>**DECLARATION OF STACI JENNIFER RIORDAN IN OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE NO. 2 TO EXCLUDE EXPERT WITNESS TESTIMONY OF JUSTIN LEWIS**<br><br>Date:  November 3, 2017<br>Time:  11:00 a.m.<br>Ctrm.:  7B<br><br>Filed:  April 5, 2016<br>PTC:  November 3, 2017<br>Trial:  November 14, 2017 |

I, Staci Jennifer Riordan, declare:

1. I am a partner with the law firm of Nixon Peabody LLP, attorneys of record for Defendant H & M Hennes & Mauritz LP ("H&M" or "Defendant"). I am admitted to practice in the Central District of California. Unless otherwise stated, I have personal knowledge of the following facts and, if called and sworn as a witness, could and would competently testify thereto.

2. I file this Declaration in support of Defendant's Opposition to Plaintiff's Motion In Limine No. 2 To Exclude Expert Witness Testimony Of Justin Lewis.

3. Initial expert disclosures in this action were due on April 7, 2017. Neither Plaintiff not Defendant designated any experts on that day. Specifically, on April 7, Defendant did not designate an expert on damages in its initial disclosure because Defendant could not address Plaintiff's damage claim until Plaintiff articulated that claim, and it seemed probable that Plaintiff would do so through expert testimony. When the initial expert disclosures were due on April 7, it was my intention to designate a rebuttal expert to address Plaintiff's damage claims. Under governing law, Plaintiff may elect to recover actual damages and profits, or statutory damages, and it is the Defendant's burden to rebut the plaintiffs' proof of gross revenues by presenting evidence of deductible expenses, etc. 17 U.S.C. § 501(b). Thus, as a practical matter, the Defendant cannot prepare an expert damage analysis until the Plaintiff has presented its damage analysis, generally through an expert. In this case, Plaintiff did not present its damage analysis until Plaintiff filed its Motion for Summary Judgment on April 24.

4. On April 24, 2017, Plaintiff filed its Motion for Summary Judgment in this matter. The moving papers relied heavily on expert opinion testimony. Thus, even though Plaintiff had not formally designated an expert on damages, plaintiff presented purported expert testimony on that subject through the Declaration of Chan Yong Jeong, counsel for Plaintiff. Mr. Jeong's Declaration set forth detailed calculations in support of Plaintiff's damage claim. Dkt. 64-2, Jeong Decl., ¶¶ 9-10. Plaintiff's Motion for Summary Judgment also presented opinion testimony regarding the alleged similarity of the designs.

5. On April 28, 2017, the date set for designation of rebuttal experts, this office served its Disclosures of the Rebuttal Expert Reports of Justin Lewis and Robin Lake on counsel for Plaintiff. This office concurrently provided Plaintiff's counsel with the expert reports prepared by Justin Lewis on the issue of damages and Robin

1  Lake on the issue of similarity. As of April 28, 2017, the expert discovery cutoff was
2  *May 12, 2017*, i.e., fourteen days later.  Notwithstanding that counsel for Plaintiff had
3  sufficient time to notice the depositions of Defendant's experts, counsel for Plaintiff
4  never made any effort to depose either expert.

5        6.      Counsel for Plaintiff never requested that Defendant stipulate to allow
6  Plaintiff to designate any rebuttal witnesses.  Had counsel for Plaintiff made such a
7  request, Defendant would have so stipulated.

8        7.      On September 28, 2017, my colleague Aaron Brian sent an e-mail to
9  Scott Burroughs and Stephen Doniger, counsel for Plaintiff, wherein Mr. Brian
10 advised counsel for Plaintiff that "Defendant will stipulate that Plaintiff may designate
11 expert rebuttal expert witnesses."  On September 29, 2017, Mr. Burroughs responded
12 to Mr. Brian's e-mail, rejecting the offer.  A true and correct copy of that e-mail
13 exchange is attached hereto as Exhibit A.

14       8.      Attached hereto as Exhibit B is the Curriculum Vitae for defense expert
15 Justin Lewis.  This document was provided to counsel for Plaintiff on April 28, 2017.

17    I declare under penalty of perjury of the laws of the United States of America
18 that the foregoing is true and correct.
19       Executed this 3rd day of October, 2017, at Los Angeles, California.

21                                */s/ Staci Jennifer Riordan*
22                                Staci Jennifer Riordan