UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | |
|---|---|
| Case No.: CV 16-02322-AB (SKx) | Date: November 15, 2017 |
| Title: *Unicolors, Inc. v. H & M Hennes & Mauritz, L.P. et al* | |

Present: The Honorable **ANDRÉ BIROTTE JR., United States District Judge**

| Carla Badirian | N/A |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present Defendants: |
| None Appearing | None Appearing |

**Proceedings:** **[In Chambers] Order DENYING Plaintiffs' Motion for Summary Judgment (Dkt. No. 64)**

    Pending before the Court is Plaintiff Unicolors, Inc.'s ("Plaintiff") Motion for Summary Judgment. ("Mot.," Dkt. No. 64). Plaintiff moves for summary judgment pursuant to Federal Rule of Civil Procedure § 56(c), on the grounds that there are no triable issues of fact and Plaintiff has established its claim for Copyright infringement against Defendant H&M Hennes & Mauritz L.P. ("Defendant"). Defendant filed an opposition ("Oppo" Dkt. No. 80), and Plaintiff filed a reply. (Dkt. Nos. 85). The Court heard oral arguments from the parties and took the motion under submission. Upon consideration of the parties' arguments, papers and the case file, the court hereby **DENIES** Plaintiff's Motion for Summary Judgment.

## I. BACKGROUND

### A. Factual and Procedural Background

The following facts are undisputed.[1]

Plaintiff Unicolors is a Los Angeles-based company that creates, purchases or obtains, exclusive rights to artwork for use on textiles and garments. (UF, No. 1). Plaintiff is the owner of a two-dimensional artwork entitled "EH101" which is the design at issue in this case ("Subject Design"). (UF, No. 8). The Subject Design was registered with the United States Copyright Office on February 14, 2011 and assigned Registration No. VA 1770-400. (*Id.*) Beginning in or around October 2015, Plaintiffs allege that they found garments available for sale at Defendant's stores which bear a design that they contend is strikingly similar to the Subject Design. (UF, No. 11-12). Plaintiff initiated this action for copyright infringement on April 5, 2016 (Dkt. No. 1). After the parties engaged in discovery, Plaintiff filed the instant motion on April 25, 2017. (Dkt. No. 64).

## II. LEGAL STANDARD

A motion for summary judgment must be granted when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). The moving party bears the initial burden of identifying the elements of the claim or defense and evidence that it believes demonstrates the absence of an issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Where the nonmoving party will have the burden of proof at trial, the movant can prevail merely by pointing out that there is an absence of evidence to support the nonmoving party's case. Id. The nonmoving party then "must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 248.

In deciding a motion for summary judgment, the court draws all inferences and views all evidence in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986). Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Id.* (quoting *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 289, 88 S. Ct. 1575, 20 L. Ed. 2d 569 (1968)).

## III. DISCUSSION

---

[1] The facts are taken from the Statement of Uncontroverted Facts and Plaintiff's Response Thereto (Dkt. No. 80-6), and the exhibits submitted in connection with the instant motion.

To prevail on a copyright infringement claim, a plaintiff must demonstrate "'(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original.'" *Funky Films, Inc. v. Time Warner Entm't Co.*, 462 F.3d 1072, 1076 (9th Cir. 2006) (quoting *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361, 111 S. Ct. 1282, 113 L. Ed. 2d 358 (1991)). Plaintiffs' ownership of a valid Copyright in the Subject Design is undisputed for the purposes of this motion. Therefore, the only question for the Court is whether Defendant copied protected expressions from the Subject Design.

In order to establish copying, Plaintiff must either provide "evidence of direct copying" or they must show that "Defendant[] had "access" to [Plaintiff's] copyrighted material and that the two works at issue are "'substantially similar.'" *Bernal v. Paradigm Talent & Literary Agency*, 788 F. Supp. 2d 1043, 1052 (C.D. Cal. 2010) (citing *Funky Films* 462 F.3d at 1076). Plaintiff has not provided evidence of direct copying by Defendants. Instead, Plaintiff seeks to establish copying by showing that Defendant's garments bore a design that was strikingly similar to the Subject Design, or in the alternative that Defendant had access to the Subject Design and that the design on Plaintiff's garments is substantially similar to the subject design. (Mot. at 5-6).

### a. **Access**

In order to show access, Plaintiff must show that Defendant had 'an opportunity to view or to copy plaintiff's work.'" *Three Boys Music Corp. v. Bolton*, 212 F.3d 477, 482 (9th Cir. 2000) (quoting *Sid & Marty Krofft Television Prods., Inc. v. McDonald's Corp.*, 562 F.2d 1157, 1172 (9th Cir. 1977)). Absent direct evidence of access, Plaintiff can prove access using circumstantial evidence. *Three Boys Music*, 212 F.3d at 482. Circumstantial evidence of access is generally shown through either evidence of a "chain of events . . . between the plaintiff's work and defendants' access to that work" or evidence that "the plaintiff's work has been widely disseminated." *Id.*

Plaintiff asserts that it sold over 85,000 yards of fabric bearing the Subject Design over a four-year period preceding Defendant's alleged infringement. (Mot. at 14). Plaintiff argues that because Defendant has offices in Los Angeles, which is where Plaintiff is based, then Defendant had ample opportunity to view the Subject Design. (*Id*. at 13). In *L.A. Printex,* the Ninth Circuit held that 50,000 yards of fabric sold by the plaintiff created a reasonable possibility that defendant had an opportunity to view and copy the design. *L.A. Printex,* 676 F.3d at 848. However, in *LA Printex*, the defendant operated in the same industry and same city as the plaintiff. The evidence in the record indicates that garments bearing the subject design were primarily distributed in Los Angeles, where Plaintiff is based. However, Defendant only operates retail stores in the Los Angeles area. Moreover, it is undisputed that Defendant did not design or

manufacture the allegedly infringing garments, and Defendant has provided evidence that that the design was created by a supplier China by Shaoxing County DOMO Apparel CO., Ltd.   (Dkt. No. 64, Ex 11; Declaration of Stacy Jennifer Riordan Dkt. No. 17 at 9, Exhibits. 42-43).   Plaintiff argues that, based on the reality of the fashion industry, fabric bearing the Subject Design was likely distributed around the country, despite the fact that Unicolors mainly sold fabric to companies in Los Angeles.

Based on the *LA Printex* decision, Plaintiff's evidence could support a "reasonable possibility" that Defendant had an opportunity to view the Subject Design.   However, reasonable jurors could disagree on the issue of access based on the undisputed fact that Defendant only has a retail presence in the Los Angeles area.   The decision to manufacture fabric likely occurs at the corporate level, as opposed to the retail level; therefore a jury would have to determine that the fabric bearing the Subject Design was so widely disseminated that it was likely that Defendant's decision-making executives had a reasonable possibility of viewing it.   Because reasonable jurors could disagree as to the issue of access, this presents a triable issue of material fact.

Plaintiff also argues that they purchased over 25,000 yards of fabric bearing the Subject Design from a supplier located approximately 100 miles from Shaoxing County DOMO Apparel CO., Ltd in China.   (Mot. at 14).   Plaintiff contends that based on the proximity of the two suppliers, Defendant's supplier had more than a reasonable opportunity to view and copy the subject design.   Plaintiff does not cite any case law supporting the proposition that 100 miles is a sufficient proximity to show a reasonable possibility of viewing the Subject Design.   Additionally, Plaintiff does not provide any evidence tending to show that fabric bearing the Subject Design was distributed in China. Thus, the Court finds that the evidence regarding the proximity of the suppliers only supports a "bare possibility" of Defendant, or Defendant's supplier, viewing the Subject Design, which is not sufficient proof of access.   *See Art Attacks Ink, LLC v. MGA Entm't Inc.*, 581 F.3d 1138, 1143 (9th Cir. 2009) ("To prove access, a plaintiff must show a reasonable possibility, not merely a bare possibility, that an alleged infringer had the chance to view the protected work.")

Based on the foregoing the Court finds that there is a triable issue of material fact regarding Defendant's alleged access to the Subject Design.

### b. Striking Similarity

"The substantial-similarity test contains an extrinsic and intrinsic component." *Funky Films,* 462 F.3d at 1077 (9th Cir. 2006).   Ninth Circuit courts apply the "extrinsic test" to determine whether substantial similarity or striking similarity exist as a matter of law.   *Id.*   The "intrinsic test" evaluates "an ordinary person's subjective impressions of

the similarities between two works," and "is exclusively the province of the jury." *Id.* In comparing fabric designs, a court must "examine the similarities in their 'objective details in appearance,' including, but not limited to, 'the subject matter, shapes, colors, materials, and arrangement of the representations.'" *L.A. Printex Indus., Inc. v. Aeropostale, Inc.*, 676 F.3d 841, 849 (9th Cir. 2012) (citing *Cavalier v. Random House*, 297 F.3d 815, 826 (9th Cir. 2002)). Courts "must take care to inquire only whether 'the *protectable elements, standing alone*, are substantially similar.'" *Cavalier*, 297 F.3d at 822 (quoting *Williams v. Crichton*, 84 F.3d 581, 588 (2d Cir. 1996) (emphasis in original)). Therefore, a court must "filter out and disregard the non-protectable elements in making its substantial similarity determination." *Id*.

Despite the fact that there is a triable issue regarding Defendant's access to the subject design, Plaintiff can still prevail on a summary judgment motion by showing the designs at issue are "strikingly similar." *See Baxter v. MCA* 812 F.2d 421, 423 (9th Cir. 1987) ("If there is no evidence of access, a 'striking similarity' between the works may allow an inference of copying.") Striking similarity exists "where the works are so unmistakably similar that, 'as a matter of logic, the only explanation [for the similarities] between the two works must be 'copying rather than . . . coincidence, independent creation, or prior common source.'" *Bernal v. Paradigm Talent & Literary Agency*, 788 F. Supp. 2d 1043, 1052. Since this determination involves a detailed examination of the works at issue, the Court will provide a brief comparison of both designs before assessing the merits of Plaintiff's motion.

Plaintiff contends that the various shapes and patterns within the Subject Design and the allegedly infringing design are the same and the relative placement of the shapes are also the same across both designs. (Mot. at 3). Both designs consist of shapes and patterns arranged into linear rows or bands. Both designs have elements made up of shapes and patterns that are displayed uniformly in each of the bands. The Court evaluates each element in turn.

Both designs contain a band with multiple bright-colored zigzagging lines placed over a contrastingly dark background. These bands appear to be very similar in appearance. Next, both designs contain a band of larger concentric diamonds surrounded by smaller concentric diamonds repeating in a row. Defendant's design differs in the sense that each of the diamonds, both large and small, are connected to one another. Also, the diamonds contain a dark-colored border with and light-colored interior. Plaintiff's design includes diamonds with a light-colored border and dark interior, and each of the diamonds are separated by a contrastingly dark colored space.

The next element shared by both designs is a pattern of octagons separated by hourglass shapes. Plaintiff's design contains an intricate design on the interior of the octagon including an oblong hexagonal shape surrounded by evenly spaced dots. Additionally, the hourglass shapes contain evenly spaced dots in the upper and lower

triangular portions of the hourglass with a dark-colored rectangular shape separating them.   Defendant's design contains no detail on the interior of the octagon with the exception of randomly spaced dots.   Likewise, the hourglass shape contains no detail save a rectangular shape with a dark border and light-colored interior in the middle of the hourglass shapes.   Finally, the Defendant's design contains shapes with dark borders and a light-colored interior, while Plaintiff's design contains light colored shapes with a contrasting dark-colored background.

   Both designs contain a band with multiple diamonds arranged alongside one another. Plaintiff's design has concentric diamonds, featuring a small dark-colored diamond placed over a larger bright-colored diamond which has a dark-colored border surrounded by a bright-colored border.   Plaintiff's triangles are set against a contrastingly dark-colored background.   Defendant's design, on the other hand, contains simple diamonds with a dark colored border and a contrastingly light-colored background, but there are no concentric diamonds or contrasting diamonds present in Defendant's design. Both the Subject Design and the alleged infringing design also contain a pattern in which a thick light-colored zig-zagging line contains a smaller dark-colored zig-zagging line. Between the peaks of the larger zigzag, both designs have light-colored circular shapes. Plaintiff's design has a black circle on the interior of the circular shape, containing five evenly spaced light-colored dots.   Defendant's design lacks any detectable detail on the circular shape.   Finally, both designs contain multiple fish-like shapes with thin protusions, or "arms" curling back toward a linear central line which runs down the center of the band.

   Defendant contends that the artwork present in both designs have been in common use for over a millennium.   ("Oppo" at 15).   Plaintiff's designer admits that many of the elements of the subject design were inspired by an "Aztec art style" she became familiar with by visiting the natural history museum.   (Dkt. No. 64-3, p. 3).   Defendant also provides evidence of historical and contemporary texts displaying art of Mayan, Inca, Aztec, and other Mexican, Central American, and South American civilizations. (Declaration of Staci Jennifer Riordan, Dkt. No. 10-1, Exhibit A).   Defendant also attached exhibits from the Getty Images iStock database.   (*Id.* at Exhibit B).   The images contain the repeated use of triangles, diamonds, "x" shapes, pyramids, and circles. These stock images contain patterns closely resembling the diamond and zig-zagging shapes present in both designs.   The stock images were publically available and posted prior to the date of Defendant's alleged infringement) (Decl. Riordan, Dkt. No. 10-1, 4).

    Defendant argues that the aforementioned exhibits show that the elements of each design are both commonly used and available to the public.   Defendant contends that this precludes Plaintiff from using these elements as the basis of a copyright claim.   *See Cavalier,* 297 F.3d at 823 ("Familiar stock scenes and themes that are staples of literature are not protected.")   However, protection can be provided even if the underlying

elements are not themselves protected. *See Feist Publications, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 349 (1991) ("If protection is provided due to a combination of otherwise unprotectable elements, however, the underlying elements are not protected, but merely how those elements are positioned vis–à–vis each other.") *See also Metcalf v. Bochco*, 294 F.3d 1069, 1074 ("The particular sequence in which an author strings a significant number of unprotectable elements can itself be a protectable element.") Nonetheless, "a combination of unprotectable elements is eligible for copyright protection *only if* those elements are numerous enough and their selection and arrangement original enough that their combination constitutes an original work of authorship." *Satava v. Lowry*, 323 F.3d 805 (9th Cir. 2003) (citing *Metcalf*, 294 F.3d at 1074)(emphasis added). In *Satava*, the Ninth Circuit held that 6 otherwise unprotectible elements were not numerous enough to merit protection. *Id.* at 811. At issue in *Satava*, was an artwork portraying a jelly-fish. The Court's decision was based in part on the fact that renderings of lifelike creatures are bound to be similar and thus only merit narrow copyright protection. *Id.* at 812.

The design at issue here is not subject to the same narrow protection as the artwork in *Satava*, however given the prevalence of the shapes and patterns constituting the Subject Design, the Court cannot rule as a matter of law that the two designs are strikingly similar despite the similar arrangement of elements. Moreover, several of the elements are similar but not identical in appearance, and there are also some dissimilar elements present in each design. Because "substantial similarity is usually an extremely close issue of fact . . . summary judgment has been disfavored in cases involving intellectual property." *Litchfield v. Spielberg*, 736 F.2d 1352, 1355 (9th Cir. 1984). A grant of summary judgment in the instant matter would only be appropriate, if the designs at issue were "so overwhelmingly identical that the possibility of independent creation [would be] precluded." *Twentieth Century-Fox Film Corp. v. MCA, Inc.*, 715 F.2d 1327, 1330 (9th Cir. 1983). Based on the foregoing analysis, the Court does not find that the works are overwhelmingly identical, and thus does not find them "strikingly similar" as a matter of law. As discussed above, in the absence of a finding of "striking similarity" Plaintiff cannot succeed on summary judgment unless they can show substantial similarity AND access. Because the Court finds that a triable issue of fact exists with regard to access, the issue of substantial similarity will be submitted to the jury, and Plaintiff's motion for summary judgment is hereby **DENIED**.

## IV.   CONCLUSION

Based on the foregoing, the Court finds that Plaintiff is unable to establish that Defendant copied Plaintiff's Subject Design as a matter of law. Because triable issues exist regarding substantial similarity and Defendant's alleged access to the Subject Design, the Court hereby **DENIES** Plaintiff's Motion for Summary Judgment. (Dkt. No. 64).

**IT IS SO ORDERED.**