UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNICOLORS, INC., <br><br> Plaintiff, <br><br> v. <br><br> H &M HENNES & MAURITZ, L.P. *et al.*, <br><br> Defendants. | Case No. 2:16-cv-02322-AB (SKx) <br><br> **ORDER REGARDING MOTIONS IN LIMINE** |

Pending before the Court are the four motions *in limine* filed by Plaintiff Unicolors, Inc. ("Plaintiff") and the eight motions *in limine* filed by Defendant H & M Hennes & Mauritz, L.P. ("Defendant"):

**Plaintiff's Motions *in Limine***

  (1) To Exclude Expert Witness Testimony of Robin Lake

  (2) To Exclude Expert Witness Testimony of Justin Lewis

  (3) To Exclude Evidence of Third Party Independent Creation and/or Third Party Witness Xiaomin Qian

  (4) To Exclude Testimony by Chelsea Wharton Regarding the Creation of the Artwork at Issue

1.

**Defendant's Motions *in Limine***

(1) To Exclude Opinion Testimony of Unqualified Lay Witnesses and Undesignated Experts

(2) To Exclude Evidence Not Produced in Discovery

(3) To Exclude Argument, Reference, or Speculative Comments Regarding (1) the Probability that EH101 and Xue Xu Were Both Independently Created and (2) Impossibility of Xue Xu's Creation Absent Copying

(4) To Exclude Argument, Evidence, or Testimony Regarding Other Litigation Involving Defendant

(5) To Exclude Argument, Evidence, or Testimony Regarding Existence of Foreign H & M Entities or Alleged Extraterritorial Damages; and (2) For an Order that Plaintiff Cannot Recover Damages for Extraterritorial Sales

(6) To Exclude Testimony and other Use of Jonathan Rho as a Witness; Request for Sanctions

(7) To Exclude Racist and Derogatory Argument and References to China Regarding Alleged Cultural Practices of Intellectual Property Theft

(8) To Exclude Specific David Versus Goliath Evidence, Reference or Argument Regarding H&Ms Financial Performance or Size

With the exception of Defendant's fourth motion *in limine*, the parties submitted oppositions to each of the motions. The Court held a hearing about the motions on November 3, 2017. The parties are familiar with the factual background of the case.

## I. LEGAL STANDARD

The submission of motions *in limine* is a well-recognized judicial practice authorized under case law. *See Luce v. United States*, 469 U.S. 38, 41 n.4 (1984). The court's power to rule on motions *in limine* stems from "the court's inherent power to manage the course of trials." *Id*.

Broadly speaking, a motion *in limine* is a motion "to exclude anticipated prejudicial evidence before the evidence is actually offered." *Luce*, 469 U.S. at 40 n.2. Although district courts have broad discretion in ruling on motions *in limine*, courts must be careful not to use them to resolve factual disputes or to weigh evidence. *C & E Servs., Inc. v. Ashland Inc.*, 539 F. Supp. 2d 316, 323 (D.D.C. 2008) ("[A] motion *in limine* should not be used to resolve factual disputes or weigh evidence."); *see also* Jones, et al., Rutter Group Prac. Guide Fed. Civ. Trials & Evid., ¶ 4:345 (The Rutter Group, 2006) ("Motions *in limine* may not be used, however, as a disguise for a motion for summary judgment or to dismiss."). "To exclude evidence on a motion *in limine* the evidence must be inadmissible on all potential grounds." *Goodman v. Las Vegas Metro. Police Dep't*, 963 F. Supp. 2d 1036, 1047 (2013) (internal quotations and citations omitted) *rev'd in part on other grounds*, 613 Fed. Appx. 610 (9th Cir. 2015). Otherwise, "evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context." *Id.*

## II. DISCUSSION

Beginning with Plaintiff's motions *in limine*, the Court rules as follows:

1. **Plaintiff's Motion *in Limine* No. 1 (Dkt. No. 124) is <u>GRANTED</u>**.

Plaintiff's first motion *in limine* seeks to exclude the expert testimony of Robin Lake on two grounds. Mot., at p. 1. First, Plaintiff argues that she should not be allowed to testify because Defendant did not properly disclose her. *Id*. Second, Plaintiff argues that Ms. Lake's testimony will convey improper legal conclusions. *Id*.

Defendant's failure to properly disclose Ms. Lake as an expert justifies her exclusion as a witness. Defendant did not disclose Ms. Lake as an expert witness on the initial expert disclosure deadline, April 7, 2017. Instead, Defendant disclosed Ms. Lake as a "rebuttal" expert on the rebuttal expert disclosure deadline, April 28, 2017. Doniger Decl., ¶ 2, Ex. 1. But Ms. Lake does not have any expert testimony to rebut, as Plaintiff did not disclose any expert witnesses.

Courts frequently exclude "rebuttal" experts where the opposing party does not offer an expert on the same topic. *See*, *e.g.*, *TCL Commc'ns Tech. Holdings Ltd. v. Telefonaktenbologet LM Ericsson*, No. CV 15-02370 JVS, 2016 WL 7042085, at *7 (C.D. Cal. Aug. 17, 2016) (excluding portions of an expert's testimony because a party "should have submitted expert testimony on [the topic] at the deadline for initial, not rebuttal, disclosures"); *Dixon v. Legacy Transp. Sys., LLC*, No. 2:15-cv-01359-JAD-PAL, 2017 WL 3927105, at *3 (D. Nev. Sept. 6, 2017) (holding that a rebuttal expert could testify "if and only if" an opposing expert testified on the same topic); *Roger v. S. Route Mar.*, No. C12-1854-RSL, 2014 WL 12029283, at *2 (W.D. Wash. Sept. 16, 2014) (holding that the defendants' experts could not properly be considered rebuttal experts because "there was nothing to rebut"). Because Defendant only disclosed Ms. Lake as a rebuttal expert, Ms. Lake will not be permitted to offer expert testimony without Plaintiff first offering expert testimony to rebut.

Defendant argues that it should be able to offer Ms. Lake's testimony because its failure to timely disclose Ms. Lake was "harmless" under Fed. R. Civ. P. 37(c)(1). Opp'n, at pp. 4-5 (Dkt. No. 158). But the late disclosure was not harmless. Plaintiff has not taken Ms. Lake's deposition. And, because Ms. Lake was confusingly designated as a rebuttal expert, Plaintiff likely had little reason to attempt to depose her, knowing that it did not plan to offer expert testimony that she could rebut.

Defendant also claims its late disclosure was "substantially justified" under Fed. R. Civ. P. 37(c)(1). Opp'n, at pp. 5-7. It argues that Plaintiff's lay witnesses have offered expert-like testimony, which Defendant needs to be able to rebut. *Id.* But Plaintiff's lay witnesses will not be permitted to offer expert testimony at trial, rendering Defendant's justification for its late disclosure moot. If Plaintiff attempts to offer expert testimony through its lay witnesses, it might open the door for Ms. Lake's rebuttal testimony. Until that time, however, Ms. Lake will not be permitted to testify.

/ / /

/ / /

Plaintiff's first motion *in limine* is **GRANTED**.[1]

**2. Plaintiff's Motion *in Limine* No. 2 (Dkt. No. 125) is <u>GRANTED</u>.**

Plaintiff's second motion *in limine* seeks to exclude the expert testimony of Justin Lewis because he was improperly disclosed as an expert. Mot., at p. 2. Plaintiff also argues that Mr. Lewis's opinions are bare conclusions of law. *Id*.

Like with Ms. Lake, Defendant disclosed Mr. Lewis three weeks after the expert disclosure deadline. Doniger Decl., ¶ 2; Ex. 41 ISO Defendant's Opp'n to Summ. J. (Dkt. No. 79-5). When Defendant disclosed Mr. Lewis, it identified him as a rebuttal expert. *Id*.

Plaintiff does not offer a damages expert for Mr. Lewis to rebut. For the same reasons discussed regarding Plaintiff's first motion *in limine*, Defendant's failure to properly disclose Mr. Lewis justifies his exclusion. However, if Plaintiff attempts to offer expert testimony relating to damages through its lay witnesses, it might open the door for Mr. Lewis's rebuttal testimony. Until that time, Mr. Lewis will not be permitted to testify.

Plaintiff's second motion *in limine* is **GRANTED**.

**3. Plaintiff's Motion *in Limine* No. 3 (Dkt. No. 126) is <u>DENIED</u>.**

Plaintiff's third motion *in limine* seeks to exclude "all evidence, testimony, and argument relating to third-party independent creation of the artwork at issue, including any testimony by or about Xiaomin Qian." Mot., at p. 1. In essence, Plaintiff would like to prevent Defendant from presenting its defense that the artwork used on its garments was independently created and registered as a copyright in China. Plaintiff offers two reasons to exclude the defense. First, it argues that Defendant did not plead independent creation as an affirmative defense. Mem. P. & A., at p. 1. Second, it argues that Defendant failed to disclose Ms. Qian's identity in a timely manner. *Id*.

---

[1] It is not necessary at this time to discuss Plaintiff's alternative grounds for excluding Ms. Lake, and the Court declines to do so.

Neither argument justifies granting Plaintiff's motion.[2]

Defendant's failure to plead independent creation as an affirmative defense does not justify a wholesale exclusion of the defense. The parties cite competing case law about whether independent creation is an affirmative defense. Some cases state that it is an independent affirmative defense, others hold that it is not. *Compare Shapiro v. Hasbro Inc.*, No. CV-15-02964-BRO (AJWx), 2016 WL 9113998, at *2 (C.D. Cal. July 18, 2016) (indicating that the Ninth Circuit "considers independent creation to be an affirmative defense") *to TSX Toys, Inc. v. 665, Inc.*, No. ED-CV-14-02400-RGK (DTBx), 2015 WL 12746211, at *8 (C.D. Cal. Sept. 23, 2015) ("In the Ninth Circuit, independent creation is not considered an affirmative defense to copyright infringement."). Either way, Plaintiff knew that Defendant would present an independent creation defense as early as June 6, 2016, when Defendant filed a reply in support of its motion to dismiss and attached the Chinese Xue Xu copyright registration as an exhibit. Dkt. No. 17-2. Plaintiff therefore cannot argue that it is surprised by Defendant's independent creation defense.

Plaintiff's argument that it was surprised by the identification of Ms. Qian as a witness also does not justify excluding her testimony. Ms. Qian is an employee of Shaoxing County DOMO Apparel Company, Limited ("DOMO"), the company that registered the Xue Xu pattern as a Chinese copyright. Riordan Decl. ISO Response to Evidentiary Objections, ¶ 11 (Dkt. No. 94). Despite Plaintiff's knowledge about DOMO's Chinese copyright, it failed to propound discovery about it. *See* Riordan Decl., ¶¶ 2, 3, Exs. 1, 2 (Dkt. Nos. 151-1, 151-2). Plaintiff could have discovered Ms. Qian's identity simply by asking about it. Moreover, Defendant's counsel has declared that Defendant did not learn of Ms. Qian's identity until April 25, 2017, six

---

[2] Plaintiff briefly argues that the striking similarity of Defendant's garments to Plaintiff's artwork precludes testimony of independent creation. Mem. P. & A., at pp. 1-3. Plaintiff's argument asks the Court to make a factual determination, which it will not do in evaluating a motion *in limine*.

days before Defendant disclosed her as a potential witness. Riordan Decl. ISO Response to Evidentiary Objections, ¶¶ 11-12 (Dkt. No. 94). Ms. Qian's testimony will not result in unfair surprise.

Plaintiff's third motion *in limine* is **DENIED**.

**4. Plaintiff's Motion *in Limine* No. 4 (Dkt. No. 127) is <u>DENIED</u>.**

Plaintiff's fourth motion *in limine* seeks to exclude testimony from Chelsea Wharton about the creation of the artwork on Defendant's allegedly infringing garments. Mot., at p. 1. Plaintiff argues that Ms. Wharton lacks personal knowledge of the creation of the garments and so testified at her Fed. R. Civ. P. 30(b)(6) deposition. Mem. P. & A., pp. 1-2.

The Court finds that excluding Ms. Wharton's testimony about the creation of the garments at issue would be imprudent at this time. Defendant will have to lay a foundation of personal knowledge for any testimony that Ms. Wharton provides. If Defendant fails to do so, then Plaintiff can object at trial. In addition, Plaintiff can use Ms. Wharton's deposition to cross-examine her at trial if she offers contradictory testimony.

Plaintiff's fourth motion *in limine* is **DENIED**.

**<u>Defendant's Motions *in Limine*</u>**

**1. Defendant's Motion *in Limine* No. 1 (Dkt. No. 132) is <u>DENIED</u>.**

Defendant's first motion *in limine* seeks to exclude two categories of evidence:

1. Any opinion testimony of Nader Pazirandeh or Hannah Lim, or any other lay witness, regarding the alleged similarity between the EH101 and Xue Xu designs.

2. Any opinion testimony of Nader Pazirandeh or Hannah Lim, or any lay witness, regarding Plaintiff's alleged lost profits, the reduced value of Plaintiff's designs, H&M's alleged profits, or any rebuttal to expert testimony of Defendant's expert Justin Lewis.

Mot., at p. 1.

Defendant's motion is overbroad. Neither Mr. Pazirandeh nor Ms. Lim will be permitted to offer expert testimony, as Plaintiff did not disclose them as expert witnesses. They will, however, be permitted to offer lay testimony. And the categories of testimony Defendant seeks to exclude are so broad that they likely include some matters about which Mr. Pazirandeh and Ms. Lim have personal knowledge. Thus, Defendant has failed to establish that the evidence is "inadmissible on all potential grounds." *Goodman*, 963 F. Supp. 2d at 1047. Rather than issue a blanket exclusion, the Court will defer ruling on Defendant's potential objections until trial.

Defendant's first motion *in limine* is **DENIED**.

**2. Defendant's Motion *in Limine* No. 2 (Dkt. No. 133) is DENIED.**

Through its second motion *in limine*, Defendant seeks to exclude eight categories of evidence, claiming that Plaintiff did not produce evidence on those topics during discovery. *See* Mot., at pp. 1-2.

Plaintiff responded to each category in one of two ways. For some categories, it explained that it does not intend to offer that kind of evidence. *See* Opp'n, at pp. 3, 6, 7 (Dkt. No. 154). For others, it pointed to evidence within the categories that it did produce. *See id.*, at pp. 2, 3, 6.

With respect to types of evidence that Plaintiff does not plan to introduce, Defendant's motion is moot. And as it relates to types of evidence that Plaintiff did produce in discovery, Defendant's motion has no basis. Rather than categorically exclude evidence regarding nebulous subjects, the Court will rule on specific pieces of evidence. Neither party will be permitted to introduce evidence that it was required to produce during discovery but did not. If Plaintiff attempts to introduce surprise evidence, then Defendant will be able to object. But the Court will not exclude categories of potentially relevant evidence at this time.

Defendant's second motion *in limine* is **DENIED**.

///

**3. Defendant's Motion *in Limine* No. 3 (Dkt. No. 134) is <u>GRANTED</u>.**

Defendant's third motion *in limine* seeks to exclude "argument, reference, or speculative comments as to (1) the 'odds' that Plaintiff's EH101 pattern ("EH101") and H&M's Xue Xu pattern ("Xue Xu") were both independently created; and (2) the 'impossibility' of Xue Xu's creation absent copying of EH101." Mot., at p. 1. Defendant provided an example of the type of argument it seeks to exclude:

> Not only are the various shapes and patterns within [EH101] and [Xue Xu] the same, but the relative placement of shapes and patterns are the same across both designs. [Citation.] Including the blank spaces and random dots used on [Xue Xu] in lieu of the smaller elements of [EH101], both [EH101] and [Xue Xu] contain eight repeating rows of design elements. These rows are in the same order on both designs. The mathematical probability of this happening by pure chance is one in 40,320. This is, of course, in addition to the unlikelihood of independently recreating the exact elements of the Subject Design in any order. Thus, it is essentially impossible for [Xue Xu] to have been created without copying from EH101.

Mem. P. & A., at p. 2 (quoting Plaintiff's Mot. Summ. J., at p. 12 (Dkt. No. 64)). In its *in limine* papers, Plaintiff offered another, similar statistical calculation:

> Some relatively simple math makes this clear. Assume that there are at least five design elements that appear in both Unicolors' artwork and the H&M copy (in reality, there are many more). And assume that the field of design elements (or shapes) that an artist can employ is at least 1,000 (likewise, there are many more). Even with these obviously low numbers, for Ms. Qian's artwork to have the same five elements in the same order is a statistical impossibility: Element 1 (1/1000) x Element 2 (1/1000) x Element 3 (1/1000) x Element 4 (1/1000) x Element 5 (1/1000) = 0.000000000000001 percent chance of independent creation.

Mem. P. & A. ISO Mot. *in Limine* No. 3, at p. 3 (Dkt. No. 126).

These statistical arguments are improper because they lack foundation and are more prejudicial than probative. Fed. R. Evid. 403, 602, 701. Plaintiff has not offered any basis for the numbers it uses. And Plaintiff's statistical arguments assume that the design process is random, such that the decision to use a particular design element is

completely unaffected by the other design elements in an artwork. Design, of course, is not random, so Plaintiff's calculations rest on a faulty assumption. Despite the frailties in Plaintiff's logic, jurors might give the calculations undue weight. This type of statistical argument therefore is substantially more prejudicial than probative.

Defendant's third motion *in limine* is **GRANTED**. For clarification, this ruling only prevents Plaintiff from making statistical arguments based on unsupported calculations. Plaintiff may argue more generally about the likelihood that the two designs were independently created.

### 4. Defendant's Motion *in Limine* No. 4 (Dkt. No. 135) is <u>GRANTED.</u>

Defendant's fourth motion *in limine* seeks to exclude "evidence, reference, or argument regarding the existence of other litigation actions involving H&M." Mot., at p. 1. Plaintiff did not oppose the motion.

Defendant's fourth motion *in limine* is **GRANTED**.

### 5. Defendant's Motion *in Limine* No. 5 (Dkt. No. 136) is <u>DENIED.</u>

Defendant's fifth motion *in limine* requests an order that Plaintiff cannot recover damages based on foreign sales of allegedly infringing garments. Mot., at p. 1. It also seeks to exclude evidence regarding the existence of foreign H&M entities. *Id*. Defendant argues that the Copyright Act does not apply extraterritorially, so Plaintiff cannot recover damages based on foreign sales. *Id*. Because Plaintiff cannot recover for foreign sales, Defendant contends, evidence regarding foreign H&M entities might confuse and mislead the jury. *Id*.

Defendant relies on *Subafilms, Ltd. v. MGM-Pathe Comm'ns Co.*, 24 F.3d 1088, 1094 (9th Cir. 1994) (*en banc*), for the proposition that a plaintiff cannot recover damages for extraterritorial copyright infringement. In that case, the court determined that a plaintiff could not recover for copyright infringement where an entity in the United States authorized the foreign reproduction of a copyrighted work. *Id*. at 1094-95. Because the actual copying occurred in another country, the Copyright Act did not apply. *Id*. at 1094.

1       However, *Subafilms* does not preclude recovery for foreign sales of infringing products where infringement actually occurs in the United States. *See Los Angeles News Serv. v. Reuters Television Int'l, Ltd.*, 149 F.3d 987, 992 (9th Cir. 1998). When a defendant copies a work in the United States and disseminates copies in another country, a plaintiff can collect damages for the foreign exploitation of the copyright. *Id*.

      Plaintiff claims Defendant actually infringed its copyright within the United States' borders. Mot., at p. 2. If Plaintiff proves this to be true, it might be entitled to damages from the foreign exploitation of that infringement. The Court therefore declines to rule that Plaintiff is not entitled to recover damages from foreign sales. And, because foreign sales of allegedly infringing products may be relevant to Plaintiff's damages, the Court also declines to preclude any reference to foreign H&M entities.

      Defendant's fifth motion *in limine* is **DENIED**.

**6. Defendant's Motion *in Limine* No. 6 (Dkt. No. 137) is <u>GRANTED</u>.**

      Defendant's sixth motion *in limine* seeks to exclude the testimony of Jonathan Rho. Mot., at p. 1. Defendant argues that Plaintiff did not make Mr. Rho available for deposition and that allowing him to testify at trial would result in unfair surprise. Mem. P. & A., at pp. 7-9.[3]

      In its initial disclosures, Plaintiff did not identify Mr. Rho by name. Riordan Decl. ¶ 4, Ex. A. Then, in its supplemental disclosures, Plaintiff disclosed Mr. Rho as a person with knowledge relating to Plaintiff's claims, but did not provide Mr. Rho's contact information. *Id*., ¶ 5, Ex. B, at p. 10. It instead stated that Mr. Rho could be contacted through counsel. *Id*. Defendant sent a deposition notice and subpoena for Mr. Rho to Plaintiff's counsel, but Plaintiff's counsel did not accept service on his behalf. *Id*., ¶ 7, Ex. D. Defendant then personally served a deposition notice and

---

[3] Defendant also requests monetary sanctions relating to Plaintiff's failure to make Mr. Rho available. The Court declines to impose sanctions at this time.

11.

subpoena on Mr. Rho, but Mr. Rho was not available to be deposed on the requested date. *Id*. ¶¶ 8, 10, Ex. F. When Defendant's counsel contacted Plaintiff's counsel about deposing Mr. Rho, Plaintiff's counsel stated that his deposition was unnecessary and that asking to depose him was a "silly request." *Id*. at ¶ 13, Ex. J, at pp. 81, 84. However, Plaintiff has placed Mr. Rho on its witness list. Dkt. No. 122.

The Court agrees with Defendant that Plaintiff should not be permitted to call Mr. Rho to testify at trial. Plaintiff failed to assist in arranging Mr. Rho's deposition and then made Mr. Rho seem completely dispensable, calling Defendant's request to depose him "silly." To now call him as a trial witness would result in unfair surprise.

Moreover, excluding Mr. Rho's testimony will not unfairly prejudice Plaintiff. In its opposition, Plaintiff states that "it is unlikely that Mr. Rho will be necessary as a witness at trial." Opp'n, at p. 1 (Dkt. No. 164). Because Mr. Rho's testimony would result in unfair surprise and his exclusion will not prejudice Plaintiff, the Court will not permit Plaintiff to call Mr. Rho as a witness.

Defendant's sixth motion *in limine* is **GRANTED**.

**7. Defendant's Motion *in Limine* No. 7 (Dkt. No. 138) is <u>GRANTED</u>.**

Defendant's seventh motion *in limine* seeks to preclude Plaintiff "from presenting any argument or making reference to the nation of China or Chinese companies with respect to alleged cultural practices of intellectual property theft." Mot., at p. 1. Essentially, Defendant would like to prohibit Plaintiff from seizing on national stereotypes to argue that DOMO copied Plaintiff's design. Mem. P. & A., at p. 1. Plaintiff opposed the motion, arguing that "Plaintiff's evidence of China's reputation for copyright infringement is grounded in empirical evidence." Opp'n, at p. 4 (Dkt. No. 156).

This motion does not require much discussion. Arguments based on cultural stereotypes are improper and prejudicial, even if they are based on so-called empirical evidence. *See Jinro Am. Inc. v. Secure Invs., Inc.*, 266 F.3d 993, 1006 (9th Cir.), *opinion amended on denial of reh'g,* 272 F.3d 1289 (9th Cir. 2001) (explaining that

even if an expert's testimony regarding Korean business practices "might have been admissible as expert testimony, it was so tinged with ethnic bias and stereotyping that it should have been excluded under Rule 403's balancing test"). Plaintiff will not be permitted to use China's alleged reputation for copyright infringement to argue that DOMO copied Plaintiff's work.

Defendant's seventh motion *in limine* is **GRANTED**.

**8. Defendant's Motion *in Limine* No. 8 (Dkt. No. 139) is <u>DENIED.</u>**

Defendant's eighth motion *in limine* seeks to exclude so-called "David and Goliath" evidence. Mot., at p. 1. Specifically, Defendant asks the Court to exclude evidence of, or argument about, H&M's net worth; H&M's annual sales; H&M's annual revenue; H&M's annual expenses; H&M's annual profits; H&M's "size," including the number of H&M stores; H&M's number of employees; and other evidence or argument based upon a "David and Goliath" premise. *Id*. Defendant argues that such evidence "will inevitably inflame the jury and focus it on H&M's deep pockets rather than on whether any infringement has actually taken place." Mem. P. & A., at p. 1.

Defendant's motion is overbroad. While Defendant correctly points out that the relative wealth of the parties should not be the focus of the trial, it has not shown the evidence to be "inadmissible on all potential grounds." *Goodman*, 963 F. Supp. 2d at 1047. For example, the number of H&M stores and employees might be relevant to whether Defendant had access to Plaintiff's design. The Court will not rule in a vacuum, and Defendant can object to particular evidence at trial.

Defendant's eighth motion *in limine* is **DENIED**.

**IT IS SO ORDERED.**

Dated: November 15, 2017

_____
HONORABLE ANDRÉ BIROTTE JR.
UNITED STATES DISTRICT COURT JUDGE

13.