1
2
3
4
5
6
7

FILED
CLERK, U.S. DISTRICT COURT

12/7/2017

CENTRAL DISTRICT OF CALIFORNIA
BY: _____CB_____ DEPUTY

8                    UNITED STATES DISTRICT COURT

9                   CENTRAL DISTRICT OF CALIFORNIA

10

11   UNICOLORS, INC.,                    Case No. CV 16-02322-AB (SKx)

12          Plaintiff,

13   v.

14   H & M HENNES & MAURITZ, L.P.,       **CLOSING JURY INSTRUCTIONS**

15          Defendant.

16

17

18          The following are the Court's jury instructions to guide your consideration of

19   the evidence in this case.

20

21

22   Dated:  December 7, 2017        _____

23                                   HONORABLE ANDRÉ BIROTTE JR.
                                     UNITED STATES DISTRICT COURT JUDGE
24

25

26

27

28

                                         1.

# CLOSING JURY INSTRUCTION NO. 1
## DUTY OF JURY

Members of the Jury: Now that you have heard all of the evidence and the arguments of the attorneys, it is my duty to instruct you on the law that applies to this case.

A copy of these instructions will be sent to the jury room for you to consult during your deliberations.

It is your duty to find the facts from all the evidence in the case.  To those facts you will apply the law as I give it to you.  You must follow the law as I give it to you whether you agree with it or not.  And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy.  That means that you must decide the case solely on the evidence before you.  You will recall that you took an oath to do so.

Please do not read into these instructions or anything that I may say or do or have said or done that I have an opinion regarding the evidence or what your verdict should be.

## CLOSING JURY INSTRUCTION NO. 2

### DUTY TO DELIBERATE

Before you begin your deliberations, elect one member of the jury as your presiding juror.  The presiding juror will preside over the deliberations and serve as the spokesperson for the jury in court.

You shall diligently strive to reach agreement with all of the other jurors if you can do so.  Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to their views.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision.  Do not be unwilling to change your opinion if the discussion persuades you that you should.  But do not come to a decision simply because other jurors think it is right, or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

## CLOSING JURY INSTRUCTION NO. 3
### BURDEN OF PROOF

When a party has the burden of proof on any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that a claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

4.

# CLOSING JURY INSTRUCTION NO. 4

## WHAT IS EVIDENCE

The evidence you are to consider in deciding what the facts are consists of:

1.  The sworn testimony of any witness;

2.  The exhibits which are received into evidence;

3.  Any facts to which the lawyers have agreed; and

4.  Any facts that I may instruct you to accept as proved.

## CLOSING JURY INSTRUCTION NO. 5

## STIPULATIONS OF FACT

The parties have agreed to certain facts that were read to you . You must therefore treat these facts as having been proved:

1. H&M admits in its responses to Unicolors' Requests for Admissions ("RFA") that it did not obtain the right or authorization to use Unicolors' artwork at issue. (RFA #1.)

2. H&M admits that none of its vendors created the Unicolors artwork at issue. (RFA #4.)

3. Unicolors registered its EH101 artwork with the United States Copyright Office in February 2011.

4. Between March 4, 2011 and December 9, 2011 Unicolors sold at least 51,973 yards of fabric bearing the EH101 artwork.

5. H&M sold the jackets ("Oliver Jacket") and skirts ("Rio Skirt") at issue in this action.

6. The Oliver Jacket was first allocated to H&M the week of September 21 - 27, 2015 and H&M's best estimation of when it was no longer at H&M is the week of September 26 - October 2, 2016.

7. The Rio Skirt was allocated to H&M on the week of October 5 - 10, 2015 and H&M's best estimation of when it was no longer at H&M is the week of July 18 - 24, 2016.

8. H&M did not have direct access through Unicolors to EH101, or any item bearing the EH101 artwork.

9. Xiaomin Qian did not have direct access through Unicolors to EH101, or any item bearing the EH101 artwork.

10. DOMO did not have direct access through Unicolors to EH101, or any item bearing the EH101 artwork.

# CLOSING JURY INSTRUCTION NO. 6
## JUDICIAL NOTICE

The Court has decided to accept the fact that Exhibits 101 and 102 contain a Chinese copyright registration for the Xue Xu work, obtained by Shaoxing County DOMO Apparel CO., Ltd.

# CLOSING JURY INSTRUCTION NO. 7
## WHAT IS NOT EVIDENCE

In reaching your verdict, you may consider only the testimony and exhibits received into evidence.  Certain things are not evidence, and you may not consider them in deciding what the facts are.  I will list them for you:

1. Arguments and statements by lawyers are not evidence.  The lawyers are not witnesses.  What they may say in their opening statements, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

2. Questions and objections by lawyers are not evidence.  Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence.  You should not be influenced by the objection or by the court's ruling on it.

3. Testimony that is excluded or stricken, or that you may be instructed to disregard, is not evidence and must not be considered. In addition, some evidence may be  received only for a limited purpose; when I instruct you to consider certain evidence only for a limited purpose, you must do so and you may not consider that evidence for any other purpose.

4. Anything you may see or hear when the court is not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

## CLOSING JURY INSTRUCTION NO. 8
### CHARTS AND SUMMARIES NOT RECEIVED IN EVIDENCE

Certain charts and summaries not admitted into evidence have been shown to you in order to help explain the contents of books, records, documents, or other evidence in the case.  Charts and summaries are only as good as the underlying evidence that supports them.  You should, therefore, give them only such weight as you think the underlying evidence deserves.

## <u>CLOSING JURY INSTRUCTION NO. 9</u>
### DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial.

Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.

Circumstantial evidence is proof of one or more facts from which you could find another fact.

You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

## CLOSING JURY INSTRUCTION NO. 10
### RULING ON OBJECTIONS

There are rules of evidence that control what can be received into evidence. When a lawyer asked a question or offered an exhibit into evidence and a lawyer on the other side thought that it was not permitted by the rules of evidence, that lawyer may have objected.  If I overruled the objection, the question was answered or the exhibit was received.  If I sustained the objection, the question could not be answered, and the exhibit could not be received.  Whenever I sustained an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may have ordered that evidence be stricken from the record and that you disregard or ignore the evidence.  That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

## CLOSING JURY INSTRUCTION NO. 11
### BENCH CONFERENCES AND RECESSES

From time to time during the trial, it became necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury was present in the courtroom, or by calling a recess.  Please understand that while you were waiting, we were working.  The purpose of these conferences was not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we have done what we could to keep the number and length of these conferences to a minimum.  I might not have granted a request for a conference.  Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

# CLOSING JURY INSTRUCTION NO. 12
## CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

1. the opportunity and ability of the witness to see or hear or know the things testified to;
2. the witness's memory;
3. the witness's manner while testifying;
4. the witness's interest in the outcome of the case, if any;
5. the witness's bias or prejudice, if any;
6. whether other evidence contradicted the witness's testimony;
7. the reasonableness of the witness's testimony in light of all the evidence; and
8. any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened.  People often forget things or make mistakes in what they remember.  Also, two people may see the same event but remember it differently.  You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said.

14.

On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.  What is important is how believable the witnesses are, and how much weight you think their testimony deserves.

## CLOSING JURY INSTRUCTION NO. 13
## IMPEACHMENT EVIDENCE—WITNESS

The evidence that a witness has been convicted of a crime involving a dishonest act or false statement or lied under oath on a prior occasion may be considered, along with all other evidence, in deciding whether or not to believe the witness and how much weight to give to the testimony of the witness and for no other purpose.

## CLOSING JURY INSTRUCTION NO. 14
## NO TRANSCRIPT AVAILABLE TO JURY

During deliberations, you will have to make your decision based on what you recall of the evidence.  You will not have a transcript of the trial.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## CLOSING JURY INSTRUCTION NO. 15
## TRIAL NOTES

Some of you took notes during trial.  You may take your notes with you into the jury room for deliberations.  Whether or not you took notes, you should rely on your own memory of the evidence.  Notes are only to assist your memory.  You should not be overly influenced by your notes or those of your fellow jurors.

When you leave, your notes should be left in the jury room.  No one will read your notes.  They will be destroyed at the conclusion of the case.

## CLOSING JURY INSTRUCTION NO. 16
### THE PARTIES' CLAIMS AND DEFENSES

To assist you in your deliberations, I will give you a brief summary of the positions of the parties:

The plaintiff asserts that defendant infringed on plaintiff's copyright, that defendant vicariously infringed on plaintiff's copyright and that defendant contributed to the infringement on plaintiff's copyright and that plaintiff suffered damages as a result of the infringement. The plaintiff has the burden of proving these claims.

The defendant denies those claims and also contends that plaintiff's claims are barred in part or in whole because any alleged copying by defendant of the underlying design was not of parts that are original or protectable, that plaintiff's claims are barred by the doctrine of independent creation, that plaintiff's claims are barred by the doctrine of *scenes a faire*, that plaintiff's claims are barred in part or in whole by defendant's good faith belief that it was not violating any copyright, and that plaintiff's damages if any are related in whole or in part to factors other than the alleged infringement. The defendant has the burden of proof on these affirmative defenses.

## CLOSING JURY INSTRUCTION NO. 17
### DEPOSITION IN LIEU OF LIVE TESTIMONY

A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath to tell the truth and lawyers for each party may ask questions. The questions and answers are recorded. When a person is unavailable to testify at trial, the deposition of that person may be used at the trial.

The deposition of Chelsea Wharton was taken on March 21, 2017. Insofar as possible, you should consider deposition testimony, presented to you in court in lieu of live testimony, in the same way as if the witness had been present to testify.

Do not place any significance on the behavior or tone of voice of any person reading the questions or answers.

## CLOSING JURY INSTRUCTION NO. 18

### FOREIGN LANGUAGE TESTIMONY

You heard testimony of a witness who testified in a foreign language. Witnesses who do not speak English or are more proficient in another language testify through an official court interpreter.  Although some of you may know the foreign language, it is important that all jurors consider the same evidence.  Therefore, you must accept the interpreter's translation of the witness's testimony.  You must disregard any different meaning.

You must not make any assumptions about a witness or a party based solely on the use of an interpreter to assist that witness or party.

21.

## CLOSING JURY INSTRUCTION NO. 19

### USE OF INTERROGATORIES

Evidence was presented to you in the form of answers of one of the parties to written interrogatories submitted by the other side.  These answers were given in writing and under oath before the trial in response to questions that were submitted under established court procedures.  You should consider the answers, insofar as possible, in the same way as if they were made from the witness stand.

## CLOSING JURY INSTRUCTION NO. 20
### USE OF REQUESTS FOR ADMISSION

Evidence was presented to you in the form of admissions to the truth of certain facts.  These admissions were given in writing before the trial, in response to requests that were submitted under established court procedures.  You must treat these facts as having been proved.

## CLOSING JURY INSTRUCTION NO. 21
## PRELIMINARY INSTRUCTION – COPYRIGHT

The plaintiff, Unicolors, claims ownership of a copyright and seeks damages against the defendant, H&M LP, for copyright infringement.  The defendant denies infringing the copyright, contends that the copyright is invalid, contends that the alleged similarities are of elements that are not original or protectable, contends that H&M LP's garments were independently created, not copied, and asserts the affirmative defenses that plaintiff's claims are barred by the doctrine of *scenes a faire*, that H&M LP had a good faith belief that it was not violating any copyright.  To help you understand the evidence in this case, I will explain some of the legal terms you heard during this trial.

## DEFINITION OF COPYRIGHT

The owner of a copyright has the right to exclude any other person from reproducing, distributing, performing, displaying, or preparing derivative works from the work covered by copyright for a specific period of time.

A copyrighted work can be a literary work, musical work, dramatic work, pantomime, choreographic work, pictorial work, graphic work, sculptural work, motion picture, audiovisual work, sound recording, architectural work, or computer program.

Facts, ideas, procedures, processes, systems, methods of operation, concepts, principles, or discoveries cannot themselves be copyrighted.

The copyrighted work must be original.  An original work that closely resembles other works can be copyrighted so long as the similarity between the two works is not the result of copying.

## HOW COPYRIGHT IS OBTAINED

Copyright automatically attaches to a work the moment the work is fixed in any tangible medium of expression.  The owner of the copyright may register the copyright by completing a registration form and depositing a copy of the copyrighted work with the Copyright Office.  After determining that the material deposited constitutes copyrightable subject matter and that certain legal and formal requirements are satisfied, the Register of Copyrights registers the work and issues a certificate of registration to the copyright owner.

## PLAINTIFF'S BURDEN OF PROOF

In this case, the plaintiff, Unicolors, contends that the defendant, H&M LP, has infringed the plaintiff's copyright.  The plaintiff has the burden of proving by a preponderance of the evidence that the plaintiff is the owner of the copyright and that the defendant copied original expression from the copyrighted work.  Preponderance of the evidence means that you must be persuaded by the evidence that it is more probably true than not true that the copyrighted work was infringed.

The plaintiff must also prove that the defendant's use of the copyrighted work was substantial.  In determining whether the defendant's use of the copyrighted work was substantial, you may consider how important the copied portion was to the copyrighted work as a whole.

**PROOF OF COPYING**

To prove that the defendant copied the plaintiff's work, the plaintiff may show that the defendant had access to the plaintiff's copyrighted work and that there are substantial similarities between the defendant's work and the plaintiff's copyrighted work.

**LIABILITY FOR INFRINGEMENT**

One who reproduces, publicly distributes, publicly displays, or prepares derivative works from a copyrighted work without authority from the copyright owner during the term of the copyright infringes the copyright.

Copyright may also be infringed by vicariously infringing.

**VIACARIOUS INFRINGEMENT**

A person is liable for copyright infringement by another if the person has profited directly from the infringing activity and had the right and ability to supervise or control the infringing activity, whether or not the person knew of the infringement.

**DEFENSES TO INFRINGEMENT**

H&M contends that there is no copyright infringement.  There is no copyright infringement if the defendant obtained its design from an entity that independently created the challenged work.

## CLOSING JURY INSTRUCTION NO. 22
## COPYRIGHT – DEFINED

Copyright is the exclusive right to copy.  This right to copy includes the exclusive rights to, or authorize others to:

1. reproduce the copyrighted work in copies;

2. recast, transform, or adapt the work, that is prepare derivative works based upon the copyrighted work;

3. distribute copies of the copyrighted work to the public by sale or other transfer of ownership; and

4. display publicly a copyrighted pictorial or graphic work.

It is the owner of a copyright who may exercise these exclusive rights.  The term "owner" includes the author of the work or an assignee.  In general, copyright law protects against reproduction, adaptation, public distribution and public display of identical or substantially similar copies of the owner's copyrighted work without the owner's permission.  An owner may enforce these rights to exclude others in an action for copyright infringement.

## CLOSING JURY INSTRUCTION NO. 23
## COPYRIGHT – SUBJECT MATTER – GENERALLY

The Unicolors artwork identified as EH101 is known as:

A pictorial or graphic work, which include two- and three-dimensional works of fine, graphic or applied art, photographs, prints, and art reproductions, maps, globes, charts, diagrams, models, and technical drawings, including architectural plans.

You are instructed that a copyright may be obtained in Unicolors' EH101 artwork.

This work can be protected by copyright law.  Only that part of the work consisting of original works of authorship fixed in any tangible form of expression from which it can be perceived, reproduced, or otherwise communicated, either directly or with the aid of a machine or device, is protected by the Copyright Act.

Copyright protection for an original work of authorship does not extend to any idea, procedure, concept, or principle, regardless of the form in which it is described, explained, illustrated, or embodied.

## CLOSING JURY INSTRUCTION NO. 24

### COPYRIGHT – SUBJECT MATTER – IDEAS AND EXPRESSIONS

Copyright law allows the author of an original work to stop others from copying the original expression in the author's work.  Only the particular expression of an idea can be copyrighted and protected.  Copyright law does not give the author the right to prevent others from copying or using the underlying ideas contained in the work, such as any procedures, processes, systems, methods of operation, concepts, principles or discoveries.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## <u>CLOSING JURY INSTRUCTION NO. 25</u>

## COPYRIGHT – SUBJECT MATTER – IDEAS AND EXPRESSIONS – SCENES A FAIRE

H&M asserts that its work does not infringe Unicolors' copyright because of the doctrine of *scènes à faire*.  Under the doctrine of *scènes à faire*, which means "scene setting," a standard or typical theme, setting or background that is common to a large number of works is unprotected matter that may be copied.  These elements of a work are given only limited copyright protection because, as a type of idea, they are necessary for the creation of other works.

**CLOSING JURY INSTRUCTION NO. 26**

**COPYRIGHT – ELEMENTS – OWNERSHIP AND COPYING**

Anyone who copies original expression from a copyrighted work during the term of the copyright without the owner's permission infringes the copyright.  On Unicolors' copyright infringement claim, Unicolors has the burden of proving by a preponderance of the evidence that:

1. Unicolors is the owner of a valid copyright; and

2. H&M LP copied original expression from the copyrighted work.

If you find that Unicolors has proved both of these elements, your verdict should be for Unicolors.  If, on the other hand, you find that Unicolors has failed to prove either of these elements, your verdict should be for H&M LP.

31.

## CLOSING JURY INSTRUCTION NO. 27

## COPYRIGHT – OWNERSHIP OF A VALID COPYRIGHT – DEFINITION

Unicolors is the owner of a valid copyright in Unicolors' EH101 artwork if it proves by a preponderance of the evidence that:

1. Unicolors' work is original; and

2. Unicolors is the author or creator of the work or received a transfer of the copyright.

# CLOSING JURY INSTRUCTION NO. 28

## COPYRIGHT INFRINGEMENT – COPYRIGHT REGISTRATION CERTIFICATE

A copyright owner may obtain a certificate of registration from the Copyright Office.

The evidence in this case includes Exhibit 32, a certificate of copyright registration from the Copyright Office.  From this certificate you may, but need not, conclude that the copyrighted design EH101 is the original and copyrightable work of the author and that Unicolors owns the copyright in that work.  If H&M shows by a preponderance of the evidence that the copyright is invalid or that EH101 is not original, you should conclude that Unicolors does not own a valid copyright in EH101.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## CLOSING JURY INSTRUCTION NO. 29
## COPYRIGHT INTERESTS – AUTHORSHIP

The creator of an original work is called the author of that work.  An author originates or "masterminds" the original work, controlling the whole work's creation and causing it to come into being.

Others may help or may make valuable or creative contributions to a work. However, such a contributor cannot be the author of the work unless that contributor caused the work to come into being.  One must translate an idea into a fixed, tangible expression in order to be the author of the work.  Merely giving an idea to another does not make the giver an author of a work embodying that idea.

## CLOSING JURY INSTRUCTION NO. 30

### COPYRIGHT INTERESTS – WORK MADE FOR HIRE BY EMPLOYEE

A copyright owner is entitled to exclude others from copying a work made for hire.

A work made for hire is one that is prepared by an employee and is within the scope of employment.

A work is made for hire within the scope of employment if:

1. it is the kind of work the employee is employed to create;

2. it occurs substantially within the authorized time and space limits; and

3. it is made, at least in part, for the purpose of serving the employer.

The employer is considered to be the author of the work and owns the copyright.

A copyright owner of a work made for hire may enforce the right to exclude others in an action for copyright infringement.

## <u>CLOSING JURY INSTRUCTION NO. 31</u>
## COPYRIGHT INFRINGEMENT – ORIGINALITY

An original work may include or incorporate elements taken from prior works, works from the public domain, or works owned by others, with the owner's permission.  The original parts of the plaintiff's work are the parts created:

1. independently by the work's author, that is, the author did not copy it from another work; and

2. by use of at least some minimal creativity.

In copyright law, the "original" part of a work need not be new or novel.

## CLOSING JURY INSTRUCTION NO. 32
## COPYRIGHT INTERESTS – DERIVATIVE WORK

A copyright owner is entitled to exclude others from creating derivative works based on the owner's copyrighted work.  The term derivative work refers to a work based on one or more pre-existing works, such as an art reproduction, abridgement, condensation, or any other form in which the pre-existing work is recast, transformed, or adapted.  Accordingly, the owner of a copyrighted work is entitled to exclude others from recasting, transforming, or adapting the copyrighted work without the owner's permission.

If the copyright owner exercises the right to create a derivative work based on the copyrighted work, this derivative work may also be copyrighted.  Only what was newly created, such as editorial revisions, annotations, elaborations, or other modifications to the pre-existing work is considered to be the derivative work.

The author of the derivative work may enforce the right to exclude others from the original elements added by the author in an action for copyright infringement.

The copyright owner of the pre-existing work may enforce the right to exclude others in an action for copyright infringement to the extent that the material copied derived from the pre-existing work.

37.

## CLOSING JURY INSTRUCTION NO. 33

### COPYING– ACCESS AND SUBSTANTIAL SIMILARITY

Instruction 26 states that the plaintiff has the burden of proving that the defendant copied original elements from the plaintiff's copyrighted work. The plaintiff may show the defendant copied from the work by proving by a preponderance of the evidence that the defendant had access to the plaintiff's copyrighted work and that there are substantial similarities between the defendant's work and original elements of the plaintiff's work.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## CLOSING JURY INSTRUCTION NO. 34
## COPYRIGHT INFRINGEMENT – COPYING – ACCESS DEFINED

As part of its burden in Instruction 26, the plaintiff must prove by a preponderance of the evidence that the defendant or whoever created the work on the defendant's garments had access to the plaintiff's work. You may find that the defendant had access to the plaintiff's work if the defendant or whoever created the work owned by the defendant had a reasonable opportunity to view or copy the plaintiff's work before the artwork on the defendant's garments was created.

Access may also be shown by a similarity between the plaintiff's work and the defendant's work that is so "striking" that it is highly likely the works were not created independent of one another.

## CLOSING JURY INSTRUCTION NO. 35

**SUBSTANTIAL SIMILARITY – EXTRINSIC TEST; INTRINSIC TEST**

A plaintiff must prove both substantial similarity under the "extrinsic test" and substantial similarity under the "intrinsic test." The "extrinsic test" is an objective comparison of specific expressive elements. The "intrinsic test" is a subjective comparison that focuses on whether the ordinary, reasonable audience would find the works substantially similar in the total concept and feel of the works.

## CLOSING JURY INSTRUCTION NO. 36
## SECONDARY LIABILITY – VICARIOUS INFRINGEMENT – ELEMENTS AND BURDEN OF PROOF

If you find that any H&M LP affiliate or any company in H&M LP's supply chain for the garments at issue infringed the plaintiff's copyright in EH101, you must determine whether H&M LP vicariously infringed that copyright. The plaintiff has the burden of proving each of the following elements by a preponderance of the evidence:

1. H&M LP directly benefitted financially from the infringing activity of the H&M LP affiliate or company in H&M LP's supply chain;

2. H&M LP had the right and ability to supervise or control the infringing activity of the H&M LP affiliate or company in H&M LP's supply chain; and

3. H&M LP failed to exercise that right and ability.

If you find that the plaintiff has proved each of these elements, your verdict should be for the plaintiff if you also find that the H&M LP affiliate or company in H&M LP's supply chain infringed plaintiff's copyright. If, on the other hand, the plaintiff has failed to prove any of these elements, your verdict should be for the defendant H&M LP.

41.

## CLOSING JURY INSTRUCTION NO. 37

### DAMAGES – PROOF

It is the duty of the Court to instruct you about the measure of damages.  By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for the plaintiff on any of its infringement claims, you must determine the plaintiff's damages.  The plaintiff has the burden of proving damages by a preponderance of the evidence.  Damages means the amount of money that will reasonably and fairly compensate the plaintiff for any injury you find was caused by the defendant. You should consider the following:

Actual or statutory damages.

It is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

## CLOSING JURY INSTRUCTION NO. 38

### COPYRIGHT – DAMAGES

If you find for the plaintiff on the plaintiff's copyright infringement claim, you must determine the plaintiff's damages. The plaintiff is entitled to recover the actual damages suffered as a result of the infringement. In addition, the plaintiff is also entitled to recover any profits of the defendant attributable to the infringement. The plaintiff must prove damages by a preponderance of the evidence.

## CLOSING JURY INSTRUCTION NO. 39
## COPYRIGHT – DAMAGES – ACTUAL DAMAGES

The copyright owner is entitled to recover the actual damages suffered as a result of the infringement.  Actual damages means the amount of money adequate to compensate the copyright owner for the reduction of the fair market value of the copyrighted work caused by the infringement.  The reduction of the fair market value of the copyrighted work is the amount a willing buyer would have been reasonably required to pay a willing seller at the time of the infringement for the actual use made by the defendant of the plaintiff's work.  That amount also could be represented by the lost license fees the plaintiff would have received for the defendant's unauthorized use of the plaintiff's work.

# CLOSING JURY INSTRUCTION NO. 40
## COPYRIGHT – DAMAGES – DEFENDANT'S PROFITS

In addition to actual damages, the copyright owner is entitled to any profits of the defendant attributable to the infringement.  You may not include in an award of profits any amount that you took into account in determining actual damages.

You may make an award of the defendant's profits only if you find that the plaintiff showed a causal relationship between the infringement and the defendant's gross revenue.

The defendant's profit is determined by deducting all expenses from the defendant's gross revenue.

The defendant's gross revenue is all of the defendant's receipts from the sale of a product containing or using the copyrighted work.  The plaintiff has the burden of proving the defendant's gross revenue by a preponderance of the evidence.

Expenses are all production costs incurred in producing the defendant's gross revenue.  The defendant has the burden of proving the defendant's expenses by a preponderance of the evidence.

Unless you find that a portion of the profit from the sale of a product containing or using the copyrighted work is attributable to factors other than use of the copyrighted work, all of the profit is to be attributed to the infringement.  The defendant has the burden of proving the percentage of the profit, if any, attributable to factors other than copyright or infringing the copyrighted work.

45.

### <u>CLOSING JURY INSTRUCTION NO. 41</u>
### COPYRIGHT – DAMAGES – STATUTORY DAMAGES

If you find for the plaintiff on the plaintiff's copyright infringement claim, you must determine the plaintiff's damages. The plaintiff seeks a statutory damage award, established by Congress for the work infringed. Its purpose is not only to compensate the plaintiff for its losses, which may be hard to prove, but also to penalize the infringer and deter future violations of the copyright laws.

The amount you may award as statutory damages is not less than $750, nor more than $30,000 for each work you conclude was infringed.

However, if you find the infringement was innocent, you may award as little as $200 for each work innocently infringed.

However, if you find the infringement was willful, you may award as much as $150,000 for each work willfully infringed.

## CLOSING JURY INSTRUCTION NO. 42
### COPYRIGHT – DAMAGES – INNOCENT INFRINGEMENT

An infringement is considered innocent when the defendant has proved both of the following elements by a preponderance of the evidence:

1. the defendant was not aware that its acts constituted infringement of the copyright; and

2. the defendant had no reason to believe that its acts constituted an infringement of the copyright.

## CLOSING JURY INSTRUCTION NO. 43

### COPYRIGHT – DAMAGES – WILLFUL INFRINGEMENT

An infringement is considered willful when the plaintiff has proved both of the following elements by a preponderance of the evidence:

1. the defendant engaged in acts that infringed the copyright; and

2. the defendant knew that those acts infringed the copyright, or the defendant acted with reckless disregard for, or willful blindness to, the copyright holder's rights.

## <u>CLOSING JURY INSTRUCTION NO. 44</u>

**CORPORATIONS AND PARTNERSHIPS – FAIR TREATMENT**

All parties are equal before the law and a partnership is entitled to the same fair and conscientious consideration by you as any party.

## <u>CLOSING JURY INSTRUCTION NO. 45</u>
## LIABILITIES OF CORPORATIONS – SCOPE OF AUTHORITY NOT IN ISSUE

Under the law, a corporation is considered to be a person. It can only act through its employees, agents, directors, or officers. Therefore, a corporation is responsible for the acts of its employees, agents, directors, and officers performed within the scope of authority.

## CLOSING JURY INSTRUCTION NO. 46

### GENERAL PARTNERSHIP – DEFINITION

A partnership is an association of two or more persons to carry on a business as co-owners.  The members of a partnership are called partners.

## <u>CLOSING JURY INSTRUCTION NO. 47</u>
## COMMUNICATION WITH THE COURT

If it becomes necessary during your deliberations to communicate with me, you may send a note through the bailiff, signed by your presiding juror or by one or more members of the jury.  No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court.  If you send out a question, I will consult with the parties before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.  Do not disclose any vote count in any note to the court.

## CLOSING JURY INSTRUCTION NO. 48
### RETURN OF VERDICT

I will give you a verdict form with questions you must answer.  I have already instructed you on the law that you are to use in answering the questions.  You must follow my instructions and the form carefully.  You may discuss the evidence and the issues to be decided in any order.

All of you must deliberate on and answer the questions.

After you have reached unanimous agreement on a verdict, your presiding juror must write the date and sign it at the bottom of the last page and then notify the bailiff that you are ready to present your verdict in the courtroom.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CLOSING JURY INSTRUCTION NO. 49
## CONDUCT OF THE JURY

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves.  Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This includes discussing the case in person, in writing, by phone or electronic means, via email, via text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, or any other forms of social media.  This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial.  If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it, although I have no information that there will be news reports about this case; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.  Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial.  Also, do not do any research about this

54.

case, the law, or the people involved—including the parties, the witnesses or the lawyers—until you have been excused as jurors.  If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court.  Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process.  If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process.  Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial.  Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over.  If any juror is exposed to any outside information, please notify the court immediately.